Orby Marsden, Plaintiff-Appellant, v. Edward J. Neisius, Trading as C. & H. Transfer, Defendant-Appellee.

**Gen. No. 10,802.**

Second District.
February 17, 1955.
Rehearing denied May 3, 1955.
Released for publication May 5, 1955.

Nack & Nack, of Galena, for appellant; James W. Richardson, of Galena, of counsel.

Burrell & Holtan, of Freeport, for appellee; David M. Burrell, of Freeport, of counsel.

MR. JUSTICE CROW delivered the opinion of the court.

On June 16, 1952, the plaintiff filed a complaint in the circuit court of Jo Daviess county for damages alleging injuries received as a result of being struck by a truck on October 23, 1950, naming the "C. & H. Transfer Company, a Wisconsin Corporation," as defendant. Summons was issued and served upon one Arthur Rodden as agent. Arthur Rodden sent the summons to Edward J. Neisius.

On October 6, 1952, an answer was filed, bearing the same caption "Orby Marsden, plaintiff v. C. & H. Transfer Company, a corporation," as did the complaint, and the answer, in full, is as follows:

## "ANSWER

"Answering the complaint, defendant alleges:

"(1) It denies each and every allegation in paragraph one except it admits that plaintiff is a resident of said City of Galena.

"(2) It admits paragraph two.

"(3) It denies each and every allegation of paragraphs three thru eight, inclusive.

"For a further, separate, and distinct defense Edward J. Neisius alleges:

"(1) That he is engaged in a business conducted as a proprietorship under the name and style of 'C. & H. Transfer.'

"(2) That Arthur Rodden of Galena, Illinois, is his agent to receive process pursuant to designation on file with the Illinois Commerce Commission.

"(3) That service herein was served on said Rodden and by him sent to Edward J. Neisius.

"(4) That there is not now and never has been during any time pertinent to this law suit any corporation as named in the summons and complaint herein; that he has never transacted business as a corporation or other than as an individual.

BURRELL and HOLTAN
Attorneys for defendant
By David M. Burrell"

On November 17, 1953, the plaintiff filed a motion to correct the name of the defendant as named, C. & H. Transfer Company, a corporation, to Edward J. Neisius d/b/a C. & H. Transfer, and for leave to amend his complaint accordingly. The motion was heard and allowed on January 28, 1954. The amended complaint was filed on February 13, 1954. The cause of action set out in said amended complaint is substantially the same as the cause of action stated in the original complaint, as to all facts alleged, except as to the name of the defendant.

It does not appear that any summons was issued or served on Edward J. Neisius pursuant to the leave to file an amendment, and the leave to change the name of the defendant.

On February 18, 1954, Edward J. Neisius filed a written motion to dismiss the suit upon the ground that the cause of action accrued October 23, 1950, and the suit against him (Edward J. Neisius) was commenced by

the filing of an amended complaint on February 13, 1954, and consequently is barred by the statute of limitations as set forth in ch. 83, Ill. Rev. Stats. 1953, section 15 [Jones Ill. Stats. Ann. 107.274]. The motion to dismiss the complaint and suit was allowed by the trial court, the plaintiff elected to plead no further, final judgment was entered, and the plaintiff appeals from the order of dismissal.

Appellant claims that the circuit court erred in dismissing the complaint and suit for the following reasons:

(a) The amended complaint filed pursuant to the ruling of the trial court related back to the date of the filing of the original complaint.

(b) The misnomer of the defendant in the original complaint was corrected in accordance with the provisions of the Civil Practice Act.

(c) The answer of the defendant to the original complaint was a general appearance thereby submitting himself to the jurisdiction of the court and thereby admitting the law suit was against him.

Appellee claims in his brief that:

(1) The present case involves a mistake in the identity of the party intended to be sued; and

(2) that the present suit is barred by the statute of limitations.

It is clear from the record and pleadings in this case that the plaintiff conceded that the defendant named in the original complaint was not a corporation, and that service on Arthur Rodden as agent was not effective to bring any such defendant corporation into court. Although the defendant named as a corporation did file an answer, as set forth herein, making certain denials, it also appears that one Edward J. Neisius answered to the effect that he had notice of the process that was served on Rodden, and that Rodden was his (Neisius') agent to receive process, and that he (Neisius) was

doing business under the name and style of "C. & H. Transfer." There is nothing in the answer to suggest a dismissal of the complaint or suit, but such answer of Neisius might be considered a plea in abatement. It will be noted that there is much similarity between the original defendant named, "C. & H. Transfer Company, a Corporation," and "Edward J. Neisius, d/b/a C. & H. Transfer."

We are called on first to determine if there is a misnomer in this case at bar, as opposed to a mistake in the identity of the party intended to be sued. Undoubtedly, the plaintiff intended to sue a corporation, for he alleges in his complaint that the corporation owned a certain motor truck operated by its agent, at a certain time and place, and that the agent negligently brought about the injuries of which complaint is made. The plaintiff surely alleged the "C. & H. Transfer Company, a Corporation" was involved, but it is later alleged by an answer that there is no "C. & H. Transfer Company, a Corporation"; there is a "C. & H. Transfer," for Edward J. Neisius informs the plaintiff in his answer that he had notice of the suit, and that he is doing business under the style of "C. & H. Transfer."

We believe that under these facts and circumstances Edward J. Neisius thereby implies that he is the one intended to be sued, and we believe that by filing this answer, Edward J. Neisius, suggests and concedes that there is a misnomer: Henry Feasler v. Charles Schriever, 68 Ill. 322, 323. Having filed his answer as such we believe that he is estopped from now asserting there is no misnomer. But without the answer of Edward J. Neisius in the form as filed herein, we would agree with appellee that there is a mistake in identity, of the person sued, and we would then follow the law as laid down in Fitzpatrick v. Pitcairn, 371 Ill. 203, and hold that the cause of action did not accrue until the filing of the amended complaint on February

400

13, 1954, and the suit would consequently, under those circumstances, be barred by the statute of limitations.

Counsel for the appellee states in his brief as follows:

"If the present case is regarded as involving misnomer, the fact remains that the defendant followed the directions contained in The Pennsylvania Company v. Sloan, 125 Ill. 72, and set forth the matter as a separate defense."

We agree with counsel in citing this case that there is grave doubt as to whether that case states the law as presently defined by the Supreme Court. We are now led to conclude that the controlling question in the case at bar is resolved by referring to subsection 3, par. 145, ch. 110, Ill. Rev. Stats. 1953 [Jones Ill. Stats. Ann. 104.021, subd. (3)], section 21 (3) of the Civil Practice Act, which states:

"Misnomer of parties plaintiff or defendant shall not be ground for abatement but the names of any parties may be corrected at any time, before or after judgment, on motion, upon such terms and proof as the court shall require."

We have examined the record and we do not find any determination by the trial court that the defendant corporation named was nonexistent nor can we conclude by the pleadings that the plaintiff conceded or admitted that the original defendant sued was nonexistent; there is an implication to the contrary by reason of the fact that the trial judge in his order of January 28, 1954, granted the motion of the plaintiff to correct the name of the defendant and made the following order:

"Now on this day this cause coming on to be heard on Motion to Correct Name of Defendant and Amend Complaint. It is ordered by the Court that said motion be granted, and the *defendant's name* be corrected to read Edward J. Neisius d/b/a C. & H. Transfer."

Appellee strenuously insists that the case of Lewis v. West Side Trust & Savings Bank, 377 Ill. 384, is directly applicable to the case at bar upon the theory that the defendant originally sued was nonexistent and, therefore, the institution of this suit is void ab initio. We can not agree with this contention under the facts, pleadings, and orders, as set forth in the record. Inasmuch as we are determining that this is a case involving misnomer, based largely on the answer of Edward J. Neisius, and for the reasons heretofore set forth, we are of the opinion cases cited by the appellee upon the theory of mistaken identity are not applicable.

 In view of the foregoing, we determine under the circumstances here presented that the amended complaint, as filed, relates back to the original complaint which was filed before any bar by the statute of limitations.

The ruling of the circuit court of Jo Daviess county in dismissing the complaint and the suit was in error, and should be reversed and the cause remanded.

Reversed and remanded.