Gensie H. Fields, Plaintiff-Appellant, v. 6125 Indiana Avenue Apartments, Inc., Chicago National Bank, a Corporation, et al., Defendants-Appellees.

Gen. No. 49,079.

First District, Third Division.

February 13, 1964.

Braden, Hall, Barnes & Moss, of Chicago (Houston H. Hall, of counsel), for appellant.

Querrey, Harrow, Gulanick & Kennedy, of Chicago (John T. Kennedy, of counsel), for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

Plaintiff filed suit on September 12, 1960 for personal injuries sustained as the result of a fall while in an apartment building at 6125 Indiana Avenue, Chi-

cago. On motions, the trial court dismissed the suit as against the defendant Chicago National Bank and as against the individual defendants, Leo R. Chestler, Raye Chestler, Lewis Cohen, Alan H. Cohen and Rae Cohen, leaving as defendant only the 6125 Indiana Avenue Apartments, Inc. From this order the plaintiff has appealed.

As to the individual defendants the question involved is whether their plea of the statute of limitations is good or whether the provisions of Section 46(4) of the Civil Practice Act (Ill Rev Stats, c 110, § 46(4) (1963)) are applicable. The individual defendants are beneficiaries under a trust in which the Chicago National Bank as successor-trustee held legal title to the property. Under the trust agreement the beneficiaries are specifically charged with the duty of dealing with the title, and with the management and control of the property and the right to receive the proceeds from rentals, mortgages, sales or other disposition of the premises. They were therefore proper parties defendant. They were not made parties however until June 19, 1962, when an amended complaint was filed. The accident upon which this case was predicated occurred on December 25, 1959, so that more than two years had expired, and the action against the individuals was thus barred by the statute of limitations. Ill Rev Stats, c 83, § 15 (1963). Plaintiff acknowledges this, but she argues that this case comes within the provisions of said Section 46(4) which provides that a cause of action is not barred by lapse of time if *all* the terms and conditions enumerated in that section are fulfilled. Defendants argue that three of the conditions required by that act were not fulfilled, as follows:

(b) failure to join the person as a defendant was inadvertent;

(c) service of summons was in fact had upon the person, his agent or partner, as the nature of

56

the defendant made appropriate, even though he was served in the wrong capacity or as agent of another . . . ;

(d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him.

It appears that in answer to interrogatories propounded and filed by plaintiff, the defendant Chicago National Bank on April 6, 1961 disclosed to plaintiff the names and addresses of the individual defendants. Plaintiff thus had from April 6, 1961 to December 24, 1961 to amend her complaint, procure process and make the individuals aforesaid parties defendant. She did nothing until June 19, 1962, that is, one year and two months after the names of the individual defendants had been disclosed to her. Was this "inadvertence" within the meaning of Section 46(4)?

Plaintiff cites Silver v. Lee Shell Equipment Corp., 31 Ill App2d 266, 175 NE2d 287, in which two individual defendants, I. W. Shell and William Shell, were not made parties defendant in a suit brought against the corporation until after the statute of limitations had expired. We held that the conditions required by Section 46(4) had been fulfilled. It is argued by plaintiff that the definition of inadvertence used in the Shell case is broad enough to include the conduct of the plaintiff in the instant case. When taken in context, however, it can readily be seen that it is not applicable to the instant case. There was no showing nor was there any charge in the Shell case, as there is here, that information with respect to ownership had come to the plaintiff directly and with legal formality eight months before the statute of limitations had expired.

In Robinson v. Chicago Nat. Bank, 32 Ill App2d 55, 176 NE2d 659, a suit which resembles the instant

case much more closely than does the Shell case, the court held that the word "inadvertence" does not include a failure to act after the facts were discovered. We would qualify that by saying there should be a reasonable period allowed for a plaintiff who comes within the provisions of the act to take the necessary steps to add the proper parties after he has received knowledge of them. Section 46(4) was not intended to discontinue the operation of the statute of limitations and thus give the party seeking the benefit of that section an unlimited period in which to add the proper parties. He must do so within a reasonable time after notice has been given or knowledge received with respect thereto. Plaintiff cannot claim inadvertence when advised with legal formality, in response to interrogatories, the names and addresses of the defendants more than eight months before the statute of limitations had run. It is our conclusion therefore that this condition was not fulfilled and that the plea of the statute of limitations by the individual defendants is good.

It is not necessary for us to consider the other points made by defendants with respect to conditions (c) and (d).

The final question is the propriety of the trial court's dismissal of the suit against the bank. Plaintiff recognizes that the Chicago National Bank's relationship to the property is that of successor-trustee under Trust No. 4840. The trust agreement is made part of the record. It limits the powers of the trustee to the *holding* of title. It gives the beneficiaries the power to deal with the title and *to manage and control* the property. The individual defendants owed whatever duty was owing to plaintiff at the time of the accident. It is sought to show that after the accident the defendant bank was active with respect to investigation of the facts. The bank has replied that such investigation was conducted by an insurance com-

58

pany and that it (the bank) neither in its individual capacity nor as trustee had anything to do with it. Whether these are relevant circumstances is not necessary for us to determine. It still remains that as of the time the accident occurred the parties who were in charge of management and control of the building were the individual defendants, not the bank.

A motion by defendants to dismiss the appeal was taken with the case. As we have decided the case upon the grounds hereinbefore set forth, there is no occasion to take action on that motion now.

Order affirmed.

DEMPSEY and SULLIVAN, JJ., concur.