DAN EVANS, Plaintiff-Appellant, *v.* GRABER, INC., *et al.* Defendants-Appellees.

Fourth District    No. 4—82—0673

Opinion filed June 13, 1983.—Rehearing denied July 8, 1983.

Kathryn P. Taylor, of Law Offices of William W. Schooley, of Granite City, for appellant.

Stephen L. Corn and Michael D. Gifford, both of Craig & Craig, of Mattoon, for appellees.

JUSTICE TRAPP delivered the opinion of the court:

On motion of defendant Graber Construction Company, the circuit court of Moultrie County dismissed plaintiff's amended complaint on the ground that it had not been made a party defendant within the period of limitations provided by law. From this order, plaintiff has appealed.

The question presented is whether plaintiff's failure to join Graber

Construction Company as a defendant within the statutory time period was inadvertent under section 2—616(d)(2) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—616(d)(2)), formerly section 46(4)(b) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(4)(b)). We reverse and remand.

Toward the end of May 1979, plaintiff Dan Evans was repairing the roof of the First Church of Christ in Sullivan, Illinois. He sustained injuries when he fell from the roof. On March 23, 1981, he filed suit in Madison County against Graber, Inc., pleading common law negligence and a breach of the Structural Work Act (Ill. Rev. Stat. 1981, ch. 48, pars. 60 through 69). Sam Graber was served on April 10, 1981.

On May 11, 1981, defendant Graber, Inc., moved to transfer venue. The motion was accompanied by an affidavit of Sam Graber, president of Graber, Inc., which stated that the company was in the business of retail building supplies and denied that it had sufficient business contacts in Madison County to place venue there.

Toward the end of May 1981, the statute of limitations ran on the action.

On May 29, 1981, plaintiff was given leave to submit interrogatories on the issue of venue, the court reserved ruling on the venue motion until the interrogatories were answered, and defendant was given leave to refrain from filing responsive pleadings to the complaint pending a ruling on the venue motion.

Defendant Graber, Inc., answered the interrogatories on June 26, 1981. Defendant did not state that it was the wrong defendant and did not name the proper defendant. Asked for the names of all persons having knowledge of facts pertaining to the accident, the defendant did not name Graber Construction Company. Asked whether the defendant was correctly named in the lawsuit and, if not, asked to name the correct defendant, defendant Graber, Inc., answered: "There is a corporation named Graber, Inc. Whether the above is correctly named as a defendant in this law suit is a matter for the Plaintiff's determination."

On November 24, 1981, the motion to transfer venue was allowed and the case was transferred to Moultrie County.

On December 23, 1981, defendant Graber, Inc., filed a motion to dismiss accompanied by an affidavit by Sam Graber indicating that it was not the proper defendant. The proper defendant was not named. On December 31, 1981, plaintiff moved to hold defendant's motion in abeyance, stating that plaintiff did not have sufficient information upon which to reply to Graber's affidavit, and filed a request for pro-

duction of documents and interrogatories.

In January 1982, the plaintiff sought to depose Sam Graber. Defendant Graber, Inc., opposed production prior to a ruling on the motion to dismiss.

In February 1982, defendant Graber, Inc., answered interrogatories and again declined to name the proper defendant:

"8. Is the defendant correctly named in the style of the lawsuit? If not, then please inform us as to whatever misnomer or other discovery is involved including the status of each defendant as a corporation, joint venture, partnership or individual proprietorship.

*ANSWER*: There is a corporation named Graber, Inc.

9. Please state the contractual relationship between the defendant, Graber Construction Company, Graber, Inc., Dan Evans Construction Company and the First Church of Christ, Sullivan, Illinois, stating the dates of the contracts and the work to be performed in general terms. If there are any other companies in the contractual structure, please give the name of the contractor, its status as corporation, joint venture, partnership or individual proprietorship and the work to be performed in general terms.

*ANSWER*: Graber, Inc. does not have a contractual relationship with Graber Construction Company, Dan Evans Construction Company or the First Church of Christ, Sullivan, Illinois, as referred to in the Complaint here."

Plaintiff took the deposition of Sam Graber on April 29, 1982. Graber stated that he was president of both Graber Construction Company, incorporated in 1978 and previously operated as a sole proprietorship, and of Graber, Inc., a separate corporation operating a home building center, "Graber Cash & Carry." Both firms operate from his home. He manages the finances of Graber, Inc., and draws his pay entirely from that company, but spends his time primarily with the Graber Construction Company.

Graber Construction Company contracted to do the remodeling of the First Church of Christ after a fire caused extensive interior damage. Graber, in his capacity as president of Graber Construction Company, entered into an agreement with Evans to perform the roofing work on the church. Evans gave Graber a written copy of an invoice stating the cost of his bid and indicating that it included materials and labor. Graber stated that he did not have Evans' invoice in his file; the record does not indicate whether the invoice was directed to Graber or to an entity on its face. Although plaintiff had not worked for

Graber Construction Company or Sam Graber before, Graber knew that plaintiff had purchased materials for other roofing jobs from Graber, Inc.

Graber met plaintiff at the job site a day or so before work was to begin and went over the details of the job with him. Plaintiff was injured the day he began work on the roof. Plaintiff's wife, a computer operator for Graber, Inc., told Sam Graber that plaintiff said it would be impossible for him to continue the roofing project. Graber stated that Graber Construction Company finished the job. He said that plaintiff subsequently gave him a bill for work performed the first day. Asked whether Graber Construction Company paid plaintiff, Graber answered in the affirmative and said that plaintiff was paid by check dated June 2, 1979. The record does not indicate whether the bill Evans gave Graber was directed to Graber or to an entity; nor does it reflect the account name on which the payment check was drawn.

On May 10, 1982, plaintiff moved to amend his complaint to add Graber Construction Company as an additional party defendant. The motion was allowed. On May 25, 1982, Graber Construction Company moved to dismiss counts III and IV of the complaint against it, asserting the running of the statute of limitations. The court heard arguments on defendants' motions to dismiss on July 6, 1982. Defendant Graber Construction Company denied that plaintiff's failure to add it as a party defendant within the statutory time period was inadvertent within the meaning of section 2—616(d)(2) of the Code of Civil Procedure.

The court took the matter under advisement and on July 28, 1982, dismissed the counts of the complaint against Graber, Inc., and dismissed, with prejudice, counts III and IV against defendant Graber Construction Company. On August 3, 1982, after reviewing a brief filed by plaintiff, the court reaffirmed its ruling, stating, "the plaintiff knew or should have known the identity of the corporation he was dealing with inasmuch as he contracted with Graber Construction, he billed Graber Construction and he was paid by Graber Construction after the accident." On September 13, 1982, the court denied plaintiff's motion to reconsider.

■ We find that the trial judge erred in dismissing counts III and IV of Evans' complaint against Graber Construction Company. The dictionary defines "inadvertent" as "not turning the mind to a matter: heedless, negligent, inattentive." (Webster's Third New International Dictionary 1140 (1971).) "Inadvertent usually implies heedlessness; the term, however, is now rarely applied to persons or their

minds, but is used in qualifying their acts, especially those which are *mistakes, errors, or blunders, that are the result of heedlessness or inattention* resulting from concentration on other things *and that arise, therefore, neither from ignorance nor from intention;* \*\*\*." (Emphasis added.) (Webster's Dictionary of Synonyms 139 (1942).) From the record it appears that Evans did not know that Graber Construction Company was a separate corporate entity from Graber, Inc., until the deposition of Sam Graber on April 29, 1982, after the statute of limitations had run. Evans moved promptly to add Graber Construction Company as a defendant on May 10, 1982. Discovery was delayed in this case when defendant Graber, Inc., litigated the venue issue. It was not until Graber, Inc., successfully transferred venue from Madison County, approximately six months after the statute of limitations had run, that the defendant filed a motion to dismiss on the basis that it was not the proper defendant.

Our analysis of the cases construing inadvertence under this provision leads us to conclude that the cases finding a plaintiff was not inadvertent are distinguishable. In *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659; *Fields v. 6125 Indiana Avenue Apartments, Inc.* (1964), 47 Ill. App. 2d 55, 196 N.E.2d 485, and *Paku v. M. V. Leasing Corp.* (1971), 2 Ill. App. 3d 742, 277 N.E.2d 335, the named defendants identified the proper party defendant in answers to interrogatories filed before the statute of limitations ran. In *Solone v. Reck* (1965), 55 Ill. App. 2d 282, 204 N.E.2d 614, the named defendant identified the proper defendant in the answer filed before the statute of limitations ran. In *Horan v. Brenner* (1965), 57 Ill. App. 2d 83, 206 N.E.2d 488, the plaintiff, in his answers to interrogatories, listed the proper party defendant as a party having first-hand knowledge of facts and circumstances concerning the accident; he did not move to add the proper defendant until more than two years later. In *Cox v. Shupe* (1963), 41 Ill. App. 2d 413, 191 N.E.2d 250, the plaintiff's earlier pleadings reflected knowledge of the proper defendants. In all of these cases it was clear on the basis of the pleadings and answers to interrogatories either that plaintiff knew the identity of the proper defendant or that the proper defendant was timely identified. That is not the case here.

From the record it appears that there was an oral agreement between Evans and Sam Graber. Evans gave Graber a written copy of an invoice stating the cost of his bid and, later, a bill for one day's work. Evans was paid by check for that day's work more than 21 months before this suit was filed. The record does not reflect the name on the account on which this check was drawn, nor does it show

that Evans knew that he was dealing with Sam Graber in his capacity as president of Graber Construction Company.

The trial judge took judicial notice of a notice of filing of claim by Evans against "Grabers [*sic*] Construction Company," filed with the Illinois Industrial Commission in November 1979. This is not plaintiff's application. It does not show that Evans, rather than the Industrial Commission, ascertained the proper respondent. The record purports only to be a notice to the employer that a claim has been filed and a hearing scheduled.

The record does not establish that plaintiff knew that Graber Construction Company was a separate corporation from Graber, Inc., before Graber's deposition was taken. Plaintiff denied having knowledge of the proper defendant prior to that time but did not submit affidavits. Section 2—619(c) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619(c)) does not require a denial by affidavit: "If, upon the hearing of the motion, the opposite party presents affidavits *or other proof denying the facts alleged or establishing facts obviating the grounds of defect*, the court may hear and determine the same and may grant or deny the motion." (Emphasis added.) The record reflects that plaintiff sufficiently explained his confusion in naming the defendant: the similarity in names, both corporations using the name Graber as a stem; Sam Graber being president and major shareholder of each corporation; both corporations having the same business address, Sam Graber's home; both corporations having the same corporate officers; the recent incorporation of Graber Construction Company; a degree of intermingling between the corporations; the short, informal relationship between Evans and Sam Graber; that Evans had previously purchased building materials from Graber, Inc.; and that defendant Graber, Inc., did not identify Graber Construction Company as a proper defendant.

Inadvertence by definition encompasses a degree of negligence. Given the facts in this case, we find that plaintiff's failure to name Graber Construction Company as a defendant within the statutory time period falls within the definition of inadvertence. *Corn v. Lorain Division, Koehring Co.* (1981), 94 Ill. App. 3d 152, 418 N.E.2d 809; *Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 364 N.E.2d 660; *Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 360 N.E.2d 465; *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 266 N.E.2d 343; *Cody v. Ladurini* (1969), 109 Ill. App. 2d 116, 249 N.E.2d 315; *Silver v. Lee Shell Equipment Corp.* (1961), 31 Ill. App. 2d 266, 175 N.E.2d 287.

■ Defendant argues that plaintiff's failure to join Graber Con-

struction Company was not inadvertent since plaintiff did not seek to add Graber Construction Company as a party promptly after defendant Graber, Inc., moved to transfer venue and filed an affidavit stating its line of business; or after defendant Graber, Inc., moved to dismiss stating that it was not the proper defendant. These arguments are without merit. The timeliness of a plaintiff's motion to add the proper defendant under section 2—616 of the Code of Civil Procedure is assessed in terms of when the plaintiff learned the identity of the proper defendant. Evans moved promptly to add Graber Construction Company as a defendant. *Bates; Anderson; Corn.*

Reversed and remanded.

WEBBER, P.J., and MILLER, J., concur.