VERLE A. CAMPBELL, Plaintiff-Appellant, v. EDITH FEUQUAY, d/b/a South Roxana Market, Defendant-Appellee.

Fifth District   No. 5—85—0260

Opinion filed February 3, 1986.

KARNS, J., dissenting.

Robert S. Forbes, of Phillip J. Kardis, P.C., of Alton, for appellant.

David M. Duree and James A. Bingley, both of Leritz, Reinert & Duree, of St. Louis, Missouri (David M. Duree, of counsel), for appellee.

JUSTICE HARRISON delivered the opinion of the court:

Plaintiff, Verle A. Campbell, appeals from an order of the circuit court of Madison County dismissing with prejudice his damage action for personal injury. The basis for the circuit court's order was that plaintiff had failed to join the proper party as defendant within the two-year limitations period provided by law. On appeal, plaintiff contends that any defect in designation of the defendant constituted a mere misnomer correctable under section 2—401(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—401(b)). In the alternative, plaintiff argues that failure to name the correct defendant prior to expiration of the limitations period was "inadvertent" within the meaning of section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)) and that his cause of action is therefore not barred by lapse of time. For the reasons which follow, we reverse and remand.

The facts pertinent to this appeal are not in dispute. On December 28, 1979, plaintiff filed his complaint for damages, alleging that he was injured in a fall at South Roxana Market, a grocery store located in South Roxana on December 26, 1979. Named as defendant was South Roxana Market. Summons was issued to that defendant on January 2, 1980. The return of service, dated January 3, 1980, listed South Roxana Market as a corporation and indicated that service was obtained on "Owner Edith Furquol." "Edith Furquol" was, in fact, Edith Feuquay.

On January 24, 1980, an answer was filed on behalf of South Roxana Market in which a general denial was made to plaintiff's allegations. Simultaneously, South Roxana Market filed and served interrogatories on plaintiff. Plaintiff, in turn, propounded interrogatories and a request to produce documents directed to South Roxana Market. Extensive additional discovery was thereafter undertaken by both plaintiff and South Roxana Market. At a discovery deposition conducted by plaintiff on October 17, 1980, Edith Feuquay testified that she was the sole owner of South Roxana Market. In response to the question, "Are you incorporated here or—?" she answered, "No." She

also stated that she was employed by the market. No question was raised by motion or otherwise regarding the propriety of naming South Roxana Market as defendant in plaintiff's initial complaint. The interrogatories propounded by plaintiff were answered in the name of South Roxana Market under the signature of defendant's attorney; the discovery initiated by defendant bore the name South Roxana Market; and as late as July 8, 1982, defendant's counsel signed pleadings as "Attorneys for Defendant South Roxana Market." Apparently no recorded documents existed which revealed to plaintiff or the public the actual status of South Roxana Market. In December of 1981, the limitations period applicable to plaintiff's complaint expired.

During the course of the proceedings, plaintiff was represented by three successive sets of attorneys, the last of which entered their appearance on November 15, 1983. On February 28, 1984, plaintiff's new attorneys moved for a continuance of the trial setting, and on March 5, 1984, they filed a motion to add a party defendant, to amend the *ad damnum,* and to file an amended complaint naming "Edith Feuquay, d/b/a South Roxana Market" as defendant. Plaintiff's motion was granted on March 9, 1984, and plaintiff's amended complaint was filed on that date. On March 16, 1984, objections to plaintiff's motion were filed in the name of South Roxana Market, and defendant moved to set aside the court's order of March 9. Defendant's motion was denied on July 16, 1984, and on August 10, 1984, Edith Feuquay, d/b/a South Roxana Market, filed a special entry of appearance and motion to dismiss for lack of personal jurisdiction. This motion was mooted when Edith Feuquay was personally served on August 24, 1984.

On August 27, 1984, Edith Feuquay, d/b/a South Roxana Market, filed a motion to dismiss or in the alternative for judgment on the pleadings on the grounds that plaintiff's failure to add her as a party defendant prior to expiration of the limitations period was not inadvertent, as required by section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)). Defendant's motion was granted by order of the court dated September 26, 1984. On October 25, 1984, plaintiff moved for reconsideration of that order. Plaintiff's motion was argued on January 18, 1985, at which time plaintiff produced and filed a second motion to amend his complaint and an amended complaint. The court took plaintiff's motion to reconsider under advisement and granted plaintiff leave to file his second amended complaint.

On February 11, 1985, Edith Feuquay, d/b/a South Roxana Market, filed a motion to dismiss plaintiff's second amended complaint for

the same reasons asserted in her previous motion, *i.e.*, that plaintiff's failure to timely join her as a defendant was not inadvertent. On March 15, 1985, the court denied plaintiff's prior motion to reconsider and granted defendant's motion to dismiss plaintiff's second amended complaint. In its order the court found that plaintiff was not entitled to amend his complaint under section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616) and was not entitled to relief under section 2—401 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—401). Plaintiff's cause of action was deemed barred by the statute of limitations and was, accordingly, dismissed with prejudice.

On this appeal, plaintiff argues strenuously that his designation of defendant simply as South Roxana Market and not Edith Feuquay, d/b/a South Roxana Market, constituted a mere misnomer which the circuit court should have permitted him to correct pursuant to section 2—401(b). That statute provides:

> "Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." (Ill. Rev. Stat. 1983, ch. 110, par. 2—401(b).)

The record shows, however, the principal issue as framed before the circuit court was whether plaintiff should be permitted to add Edith Feuquay, d/b/a South Roxana Market, as an additional party defendant under section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)). Our review shall therefore commence with a discussion of the applicability of this latter provision.

Section 2—616(d) specifies that a cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time in which an action may be brought or right asserted if all of the following conditions are met:

(1) The time limitation had not expired when the original action was commenced.

(2) The failure to join the person as a defendant was inadvertent.

(3) Service of summons was in fact had upon the person, his or her agent or partner, even though he or she was served in the wrong capacity or as agent of another.

(4) The person knew of the action within the time that the action might have been brought against him and that it grew out of a transaction or occurrence involving or concerning him or her.

(5) The cause of action asserted in the amended pleading grew out of the same transaction or occurrence alleged in the original pleading. Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d).

Defendant does not deny that conditions (1), (3), (4) and (5) were each satisfied. The sole dispute is whether plaintiff's act of making South Roxana Market the party defendant instead of Edith Feuquay, d/b/a South Roxana Market, was "inadvertent" within the meaning of condition (2). "Inadvertent" has been defined broadly as meaning "not turning the mind to a matter: heedless, negligent, inattentive." *Evans v. Graber, Inc.* (1983), 115 Ill. App. 3d 532, 535, 450 N.E.2d 482, 484.

■■ ■ Defendant's position, adopted by the circuit court, is that plaintiff's failure to join Edith Feuquay, d/b/a South Roxana Market, was not "inadvertent" because plaintiff had actual knowledge that Feuquay was the proper party before the limitations period expired, but did not exercise reasonable diligence in adding her as a defendant. We recognize that section 2—616(d) was not intended to include within the purview of the word "inadvertence" excusable failure to act after the true facts are discovered (*Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 61, 176 N.E.2d 659, 662) and that one must take steps to add the proper parties "within a reasonable time after notice has been given or knowledge received with respect thereto." (*Fields v. 6125 Indiana Avenue Apartments, Inc.* (1964), 47 Ill. App. 2d 55, 58, 196 N.E.2d 485, 487.) We also note, however, that failure to add a proper party prior to expiration of the limitations period will be deemed "inadvertent" and is not grounds for dismissal where said failure is the product of "excusable ignorance." *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 61, 176 N.E.2d 659, 662.

In this case the circuit court relied on *Robinson v. Chicago National Bank* (1961), 32 Ill. App. 2d 55, 176 N.E.2d 659, and *Fields v. 6125 Indiana Avenue Apartments, Inc.* (1964), 47 Ill. App. 2d 55, 196 N.E.2d 485, in finding that the statutory requirement of inadvertence had not been met. Those decisions are distinguishable on their facts and therefore inapposite. In each case, defendants formally identified the proper party defendant in answers to interrogatories filed before the statute of limitations had run. Here, no such actual knowledge was supplied or can be imputed to plaintiff. Contrary to defendant's assertion, the deposition answers given by Edith Feuquay in October of 1980 did not clarify the identity of the proper party, but, at best, merely created ambiguity. Nothing in Feuquay's responses is necessarily inconsistent with plaintiff's belief that a separate and distinct entity existed under the name South Roxana Market. That Feuquay was the sole owner does not preclude a finding that the market was organized as a corporation. Likewise, the statement that she was not

"incorporated here" is not equivalent to an admission that South Roxana Market itself was not incorporated under the laws of this or some other jurisdiction. By representing that she was employed by South Roxana Market, Feuquay in fact supported the apparent misconception that the market had an independent legal identity.

We say apparent misconception because defendant never submitted deposition testimony, answers to interrogatories, documents, affidavits or other evidence conclusively establishing the actual status of South Roxana Market. While defendant may have had no duty to do so, we observe that it is common practice for defendants to disclose the proper parties defendant in their answers or in response to discovery requests comparable to those propounded in this case. (*Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 834, 364 N.E.2d 660, 664.) Defendant here, by contrast, raised no question regarding the status of South Roxana Market until plaintiff sought to amend the *ad damnum* in its amended complaint after substantial discovery had taken place. As previously discussed, defendant proceeded under the name South Roxana Market throughout this period, even after expiration of the limitations period. Plaintiff's reliance on this name in designating the defendant was, in our view, reasonable. See *Ingram v. MFA Insurance Co.* (1974), 18 Ill. App. 3d 560, 566, 309 N.E.2d 690, 695.

Under Illinois law, persons transacting business under an assumed name are required to file a certificate with the county clerk disclosing the names of the person or persons owning, conducting or transacting business under the assumed name. (Ill. Rev. Stat. 1983, ch. 96, par. 4.) If Feuquay was doing business as South Roxana Market, she was obligated to comply with this requirement. She did not. Defendant asserts that plaintiff could nevertheless have properly joined Feuqay by designating her as "unknown owner" as provided by statute. (Ill. Rev. Stat. 1983, ch. 96, par. 8a.) We disagree. Plaintiff could not have known that the statute even applied. At the time he filed suit, plaintiff had no reason to believe that South Roxana Market was an assumed name used by Feuquay, and not a separate entity. The absence of a certificate of assumed name served only to confirm this, as did the subsequent conduct of defendant in appearing and defending under the name South Roxana Market. To be sure, plaintiff and the first two sets of attorneys engaged to represent him may have been able to ascertain the true status of South Roxana Market through more intensive investigation before running of the statute of limitations. If they were negligent, however, we believe that it was the type of negligence encompassed by the definition of inadvertence set forth above. (See *e.g., Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 834, 364 N.E.2d

660, 674.) Considering all the facts of this case, we hold that plaintiff's failure to timely join Edith Feuquay, d/b/a South Roxana Market, as defendant was excusable.

■■ Section 2—616 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616) is to be liberally construed to the end that cases be decided on their merits and not by procedural technicalities. (*Anderson v. Rick's Restaurant & Cocktail Lounge* (1977), 45 Ill. App. 3d 992, 996, 360 N.E.2d 465, 468.) The decision as to whether amendments to the pleadings should be allowed rests with the sound discretion of the trial judge, but the test to be applied in determining whether that discretion has been abused is to ask whether the trial court's decision furthers the ends of justice. (*Morris v. City of Chicago* (1985), 130 Ill. App. 3d 740, 745, 474 N.E.2d 1274, 1278; *Murphy v. Roppolo-Prendergast Builders, Inc.* (1983), 117 Ill. App. 3d 415, 418-19, 453 N.E.2d 846, 849.) This test has not been satisfied here.

■ Edith Feuquay does not deny that she personally received service of process, had notice of the proceedings, and was given the opportunity to defend before the time limitation expired. The attorneys who represent her are the same as those who originally appeared in the name of South Roxana Market. The allegations against Feuquay are the same as those asserted against South Roxana Market and arose from the same transaction or occurrence. Any mistake as to the identity of the person who should have been named as the proper party defendant was induced, if not caused, by the representations of Feuquay and her attorneys. (See *Bates v. Wagon Wheel Country Club, Inc.* (1971), 132 Ill. App. 2d 161, 167, 266 N.E.2d 343, 348.) The issue of defendant's identity was obviously raised not because of any prejudice to Feuquay (there is none), but simply as a procedural strategem aimed at evading liability. Under these circumstances, and in view of plaintiff's compliance with section 2—616(d) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—616(d)), we cannot see how justice was served by the trial court's decision. Accordingly, we conclude that the trial court abused its discretion in finding that plaintiff was not entitled to amend his complaint under section 2—616 and that it erred in dismissing plaintiff's cause of action as untimely.

There is some support for plaintiff's alternative theory that he is entitled to relief pursuant to section 2—401(b) of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 2—401(b)), dealing with misnomers. (See *Marsden v. Neisius* (1955), 5 Ill. App. 2d 396, 126 N.E.2d 44.) Because we have found for plaintiff under section 2—

616(d), however, resolution of this claim is unnecessary.

For the foregoing reasons, the judgment of the circuit court of Madison County is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

WELCH, J., concurs.

JUSTICE KARNS, dissenting:

There is a limit to which the courts should go in protecting litigants from gross ineptitude of counsel; it has been exceeded here. I hasten to add that this statement is not intended to apply to present counsel, who only represent plaintiff on this appeal.

Plaintiff's complaint, filed in 1979, against "South Roxana Market," was commenced against a nonentity. (*Lewis v. West Side Trust & Savings Bank* (1941), 377 Ill. 384, 36 N.E.2d 573.) The sheriff, undoubtedly perplexed, made a return of service on a corporation form, reasonably assuming that plaintiff intended to sue a corporation. During the extensive discovery that followed, Edith Feuquay's deposition was taken. She stated in answers that should have been abundantly clear to any attorney, that the market was not incorporated but was operated by her as a sole proprietorship. The majority's reading of her deposition appears to me exceedingly strained. Inexplicably, none of these events alerted counsel for plaintiff that the complaint filed was defective, and the years passed until March of 1984 when the present motion to amend was filed.

The majority opinion states that "[n]o question was raised by motion or otherwise regarding the propriety of naming South Roxana Market as defendant in plaintiff's initial complaint." This, and other statements, have placed the burden of correcting the glaring errors in these proceedings on the defendant. By some curious logic, the "inadvertence" becomes that of the defendant, who is faulted for not correcting plaintiff's errors, who is then rewarded for her gross neglect.

I can find no support for the result reached here in any reported Illinois case. Plaintiff did nothing to correct her mistake until the passage of almost four years after it should have been apparent that South Roxana Market was a sole proprietorship. As I read *Fields v. 6125 Indiana Avenue Apartments, Inc.* (1964), 47 Ill. App. 2d 55, 196 N.E.2d 485, it stands as authority for affirmance of the trial court's decision. "Inadvertence" does not include a failure to act for a period of several years after the facts are known or should be known,

whether brought to a party's attention in answer to pleadings or on oral or written interrogatories.

The plaintiff has briefly alluded in her brief to the act relating to conducting business under an assumed name (Ill. Rev. Stat. 1983, ch. 96, par. 4 *et seq.*) and suggested its applicability under these facts. The court has addressed this issue more at length; however, the plaintiff's assessment of its applicability is incorrect.

Defendant did not hold itself out as a corporation. There was no proof adduced that Edith Feuquay did business under an assumed name. It would appear that South Roxana Market was a neighborhood market. The record is silent as to the manner in which the business was carried on.

In any event, if in fact Feuquay was doing business under an assumed name, section 6 of the Act (Ill. Rev. Stat. 1983, ch. 96, par. 8a) provides that if her identity was unknown, which it was not, then a civil action may be brought against her "by filing suit against the business under its assumed name, naming all known owners, and designating an 'unknown owner or owners' the other person or persons transacting business under such assumed name." (*Cigan v. St. Regis House Hotel* (1979), 72 Ill. App. 3d 884, 391 N.E.2d 197; *Curtis v. Albion-Brown's Post 590 American Legion of Illinois* (1966), 74 Ill. App. 2d 144, 219 N.E.2d 386.) This statute was not complied with even assuming its applicability.