19 F.3d 22
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Laura STEEL, Plaintiff-Appellant,
v.
HAHN PROPERTY MANAGEMENT CORPORATION, Defendant-Appellee.
 No. 92-2364.
 United States Court of Appeals, Seventh Circuit.
 Argued March 1, 1994.
Decided March 8, 1994.
 
 Before BAUER, FLAUM and EASTERBROOK, Circuit Judges.
 
 Order
 
 1
 A slip and fall at a shopping mall in southern Illinois has led to this litigation. Laura Steel alleges that she injured herself on March 31, 1990, at St. Clair Square Mall. On November 16, 1990, Steel's attorney sent a letter to "St. Clair Square" in care of Lori McIntosh, an employee of Hahn Property Management Corp. (the manager of the mall). The letter informed McIntosh that he represented Steel and asked her to notify the mall's insurer. McIntosh did so, and the insurer informed Steel's lawyer that its client is "Prudential of America". On February 21, 1992, Steel filed suit in state court and, despite what her lawyer had learned from the insurer, named "St. Clair Square" as the defendant. Steel served the complaint on McIntosh, who is not authorized to accept service for Prudential, and did not attempt to serve Prudential directly.
 
 
 2
 Prudential entered a special appearance to deny that "St. Clair Square" is an entity capable of being sued. "St. Clair Square" is a trade name, and you can't sue a trade name. (Well, you can, but you will lose. See Schiavone v. Fortune, 477 U.S. 21 (1986).) On June 1, 1992, the state court dismissed the complaint against "St. Clair Square," leaving the case without a defendant. Although by this time the statute of limitations had expired, Steel amended the complaint to substitute Prudential for "St. Clair Square." The first amended complaint was not served on anyone; the second was served only on McIntosh, still not authorized to receive process for Prudential.
 
 
 3
 Steel tried yet again, filing a third amended complaint naming both Prudential and Hahn Property Management as defendants--and once again serving only McIntosh. Although Hahn had not previously been named as a party, McIntosh had received actual notice of the suit within the limitations period, opening the possibility of an argument that the addition of Hahn as a formal party was timely. Promptly after being joined, Hahn removed the case to federal court under the diversity jurisdiction (the propriety of removal is not contested) and invoked the statute of limitations. The district court dismissed the complaint. Because all of the critical acts occurred before removal, we apply state law rather than Fed.R.Civ.P. 15(c).
 
 
 4
 According to Steel, the successive identification of "St. Clair Square" and "Prudential Insurance Co." as the defendant was a mere misnomer, curable under the Illinois misnomer statute. 735 ILCS 5/2-401(b). The difficulty with this approach is that although it is conceivable that Illinois would have allowed Steel to substitute Hahn for "St. Clair Square", that is not what happened. On learning that she had sued a name rather than a person, Steel needed to identify who she really wanted to sue. She had a wide choice, including at least: (i) Prudential, which owns the real property; (ii) Hahn, which manages the mall and maintains the public spaces; (iii) the natural person or persons whose negligent acts made the mall unsafe. Steel chose (i), Prudential. "Prudential Insurance Company of America" is not a misnomer for "Hahn Property Management Corporation"; they are distinct legal entities. Steel did not replace Prudential with Hahn but simply added Hahn as a second defendant, and then only after realizing that there was a problem in pursuing Prudential. This is a far cry from amending the complaint to show the true name of a person who has been a party all along, which is as far as the misnomer statute reaches. See Diaz v. Shallbetter, 984 F.2d 850, 854 (7th Cir.1993) (Illinois law); Ellis v. Borisek, 220 Ill.App.3d 48, 50-51, 580 N.E.2d 899, 901 (3d Dist.1991); Thompson v. Ware, 210 Ill.App.3d 16, 18, 568 N.E.2d 500, 502 (4th Dist.1991); Barbour v. Fred Berglund & Sons, Inc., 208 Ill.App.3d 644, 648, 567 N.E.2d 509, 511 (1st Dist.1990) (McMorrow, J.); Clinton v. Avello, 105 Ill.App.3d 336, 338, 434 N.E.2d 355, 356 (1st Dist.1982). Hahn is a new party; the misnomer statute is inapplicable.
 
 
 5
 As for the possibility of relation back: 735 ILCS 5/2-616(d) allows the addition of a new defendant, with the time of that addition relating back to the time of the original complaint, if the failure to join that person was inadvertent. (There are other requirements, which we ignore.) Illinois treats a careless omission as one that is not inadvertent. A heedless or inattentive plaintiff forfeits the benefits of Sec. 2-616(d). Campbell v. Feuquay, 140 Ill.App.3d 584, 587-88 488 N.E.2d 1111, 1113 (5th Dist.1986); Bates v. Wagon Wheel Country Club, Inc., 132 Ill.App.2d 161, 164, 266 N.E.2d 343, 345 (2d Dist.1971). In particular, Illinois does not permit a plaintiff who knew or should have known about a party's existence well before the expiration of the statute of limitations to tarry in naming that party as a defendant. See Campbell, 140 Ill.App.3d at 589-90, 488 N.E.2d at 1115; Anderson v. Rick's Restaurant & Cocktail Lounge, 45 Ill.App.3d 992, 996-97, 360 N.E.2d 465, 468 (1st Dist.1977). Steel knew or readily could have known about Hahn's separate existence in 1990, yet she did not add Hahn as a party until 1993--some six months after she was told point blank about the difference between Prudential and Hahn. (Or so Hahn asserted in its motions papers. Steel did not respond to the motion in the district court, so we take the factual assertions as conceded.) Even if the initial delay counts as inadvertence, which we think unlikely, the further delay prevents Steel from using Sec. 2-616(d). See Shiner v. Friedman, 161 Ill.App.3d 73, 81, 513 N.E.2d 862, 866 (1st Dist.1987).
 
 
 6
 AFFIRMED.