April 22, 1998

NO. 5-97-0023

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_________________________________________________________________

SCOTT P. COCHRAN and TODD A. DUSCH,  )  Appeal from the   

                                     )  Circuit Court of 

     Plaintiffs-Appellants,          )  Perry County.

                                     )

v.                                   )  No. 96-L-2

                                     )

PERRY COUNTY ROAD DISTRICT NO. 1,    )  Honorable

                                     )  William A. Schuwerk, Jr.,

     Defendant-Appellee.             )  Judge, presiding.  

_________________________________________________________________

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Scott P. Cochran and Todd A. Dusch, alleged that they were injured when their automobile abruptly stopped after the bottom of the vehicle was struck and held by an iron beam protruding from the floor of a bridge on a rural county road in Perry County on January 15, 1995.  As we will more fully describe later, plain­tiffs gave notice to the governmental entity and filed suit within the statute of limitations, and subsequent to the running of the statute, they amended to add the proper governmental entity.  The amended complaint was dismissed by the circuit court of Perry County on motion, pursuant to the court's finding concerning section 2-616(d) of the Code of Civil Procedure (the Code) (735 ILCS 5/2-616(d) (West 1994)) that the failure to name the proper governmen­tal entity was not inadvertent.  Plaintiffs appeal, arguing that the circuit court erred because the failure to name the proper govern­mental entity within the statute of limitations was inadver­tent.  For the reasons stated below, we reverse and remand for further proceedings.

FACTS

The factual context in which this section 2-616 issue arose is essentially uncontested.  Prior to the running of the statute of limitations, plaintiffs' counsel gave actual notice on March 3, 1995, to Don Siefert, the road commissioner for Perry County Road District No. 1.  Approximately seven days before the statute of limitations ran, plaintiffs filed their complaint naming the County of Perry as defendant (January 8, 1996).  This complaint was served on the County of Perry on January 12, 1996, also within the statute of limitations.  On February 1, 1996, the County of Perry filed a motion to dismiss, contending that plain­tiffs had named the wrong municipal entity responsible for the road in question.  On March 4, 1996, plaintiffs filed a motion for leave to file an amended complaint to add a party defendant.  This motion was granted, and defendant, Perry County Road District No. 1 (hereinaf­ter Road District), was served by the service of a summons on Siefert.  The circuit court granted this motion on April 3, 1996, and Siefert was served on April 25, 1996.  Defendant Road District filed a motion pursuant to section 2-619 of the Code (735 ILCS 5/2-619 (West 1994)) on May 20, 1996, arguing that plaintiffs had failed to meet the requirements of section 2-616 of the Code.  Specifi­cal­ly, the motion alleged that plaintiffs' failure to join the Road District within the statute of limitations was not inadvertent since Siefert had been served with notice prior to the filing of the first complaint.  The record indicates that this notice was addressed to Don Siefert, Perry County Highway Department, while the body of the notice contained a discussion of a possible lawsuit against Perry County Road District No. 1.  On October 8, 1996, the circuit court entered an order dismissing plaintiffs' amended complaint as barred by the statute of limita­tions.  A motion to reconsider was filed and denied by the court, and plaintiffs timely appealed.  

ISSUES

The essential question in this appeal is whether the actions of plaintiffs in filing suit against the wrong defendant and correcting that error after the statute of limitations ran was "inadvertent" as per section 2-616 of the Code.  The applica­ble statute reads as follows:

"§ 2-616.  Amendments. ***

* * *

(d) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met:  (1) the time prescribed or limited had not expired when the original action was commenced; (2) failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occur­rence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not named originally as a defendant.  For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended."  735 ILCS 5/2-616(d) (West 1994).

Plaintiffs argue that the actions here were inadvertent.  They claim that as soon as it was brought to plaintiffs' attention that the wrong entity had been sued, by the motion to dismiss filed February 1, 1996, by Perry County, plaintiffs acted in a timely manner to correct the situation and add the proper party defendant. Plaintiffs rely on 
Campbell v. Feuquay
, 140 Ill. App. 3d 584, 488 N.E.2d 1111 (1986), as controlling authority from this appellate court district, and they emphasize the conclusion of 
Campbell
 that the legislative intent for section 2-616(d) is that it be liberally construed to achieve the ends of justice.  Defendant argues that clearly the one-year statute of limitations had run prior to it being joined and that due to the notice given by plaintiffs prior to the running of the statute, plaintiffs must be charged with actual knowledge of the correct entity to be sued but failed to file suit against that entity.  Defendant cites 
Zincoris v. Hobart Brothers Co
., 243 Ill. App. 3d 609, 611 N.E.2d 1327 (1993), as to the effect of actual knowledge, and defendant claims that there was no actual knowledge in 
Campbell
.  We conclude that 
Campbell
 more appropriate­ly applies to the factual situation in the instant case and also more appropriately furthers the legislative intent for section 2-616.  

In 
Zincoris
, plaintiff was injured in August of 1988 while  using a welding device.  He brought suit initially in November of that year against Hobart Ohio, the manufacturer of the welding tool, and Hobart Illinois, its distributor.  In December of 1988, counsel for Hobart North sent a letter to the plaintiff's counsel indicating that Hobart North was not properly named in the suit and was not an agent for any defendant named in the suit, although it had been served with a summons.  In October of 1990, the plaintiff was granted leave to file an amended complaint that named Hobart North as an additional defendant, and plaintiff asserted that it was the entity which rented the welding device to the plaintiff's employer.  Hobart North was served in November of 1990, and in December of that year Hobart North filed a section 2-619 motion, contending that it should be dismissed since the suit against it was not brought within the statute of limitations.  Plaintiff responded that he met the conditions of section 2-616, and plaintiff attached a copy of the December 1988 letter.  The circuit court dismissed Hobart North from the suit.

The appellate court defined "inadvertence" under section 2-616 as excusable ignorance, as opposed to excusable failure to act after the facts are discovered, and therefore, the court would not include within its provisions a failure to act appropriately after a plaintiff knows the true identity of the actual defendant in the case.  It held that because the plaintiff was aware of the existence and identity of a defendant within the statute of limitations but did not join that defendant until after the statute of limitations had run, the conduct could not be character­ized as inadvertent, and the court affirmed the circuit court's dismissal.

In 
Campbell
, the plaintiff filed a complaint alleging injuries sustained in a fall at South Roxana Market on December 26, 1979.  A summons was issued to that defendant.  The return in January of 1980 listed the market as a corporation and indicated service on the owner.  Also in January, an answer was filed on behalf of South Roxana Market that contained a general denial of the plaintiff's allegations.  Discovery commenced between the parties, and in October of 1980, at a discovery deposition, Edith Feuquay testified that she was the sole owner of the market and that the market was not incorporated.  The defendant, South Roxana Market, at no time raised, by motion or otherwise, anything regarding its being named as the defendant in the initial complaint.  The statute of limitations ran in December of 1981.  Three sets of attorneys represented the plaintiff in the course of that litigation, the last counsel filing a motion in March of 1984 to add a defendant and amending its complaint naming "Edith Feuquay d/b/a South Roxana Market" as that defendant.  The new defendant filed a motion to dismiss on the grounds that the statute had run and that the failure to add her as a party prior to the running of the statute was not inadvertent as required by section 2-616.  The circuit court granted that motion.  The defendant argued on appeal, similar to defendant in this case, that the failure to join Feuquay could not be termed inadvertent because the plaintiff had actual knowledge, prior to the expiration of the statute of limitations, that Edith Feuquay doing business as South Roxana Market was the proper party defendant but did not exercise reasonable diligence in adding her.  This court noted the broad definition of "inadvertent"--"not turning the mind to a matter:  heedless, negligent, inattentive," quoting 
Evans v. Graber, Inc
., 115 Ill. App. 3d 532, 450 N.E.2d 482 (1983)--and noted that a party must take steps to add the appropriate parties defendant within a reasonable time after notice of their existence has been given or such knowledge is received.  The court distin­guished two authorities cited by the defendant, 
Robinson v. Chicago National Bank
, 32 Ill. App. 2d 55, 176 N.E.2d 659 (1961), and 
Fields v. 6125 Indiana Avenue Apartments, Inc.
, 47 Ill. App. 2d 55, 196 N.E.2d 485 (1964), on the basis that in each of those cases the defendants had formally identified the appropriate party defendant in pleadings filed before the statute of limitations had run.  We note that in the instant case, such identification was made after the statute ran.  In the 
Campbell
 case, the court noted that while a defendant has no specific duty to indicate the appropriate party defendant, it is common practice to do so.  This court held that the plaintiff's failure to add Edith Feuquay doing business as South Roxana Market was inadvertent pursuant to section 2-616, noting as follows:

"To be sure, plaintiff and the first two sets of attorneys engaged to represent him may have been able to ascertain the true status of South Roxana Market through more intensive investigation before [the] running of the statute of limitations.  If they were negligent, however, we believe that it was the type of negligence encompassed by the definition of inadver­tence set forth above.  [Citation.]  ***

Section 2-616 of the Code of Civil Procedure [citation] is to be liberally construed to the end that cases be decided on their merits and not by procedural technicalities.  (
Anderson v. Rick's Restaurant & Cocktail Lounge
 (1977), 45 Ill. App. 3d 992, 996, 360 N.E.2d 465, 468.)  The decision as to whether amendments to the pleadings should be allowed rests with the sound discretion of the trial judge, but the test to be applied in determining whether that discretion has been abused is to ask whether the trial court's decision furthers the ends of justice.  (
Morris v. City of Chicago
 (1985), 130 Ill. App. 3d 740, 745, 474 N.E.2d 1274, 1278; 
Murphy v. Roppolo-Prendergast Builders, Inc.
 (1983), 117 Ill. App. 3d 415, 418-19, 453 N.E.2d 846, 849.)"  
Campbell
, 140 Ill. App. 3d at 589-90, 488 N.E.2d at 1115.

We conclude that 
Campbell
 more appropriately applies to this case and more appropriately expresses the legislative intent of section 2-616.  
Campbell
 broadly defines inadvertence, explains that the touchstone in a court's consideration of this question should be achieving the ends of justice, and requires that a plaintiff's action upon notification of an error in suing the wrong party must be reasonably expeditious after that error is brought to its attention.  In the instant case, there was statutory notice given to the appropriate party, Perry County Road District No. 1, but said notice also indicated plaintiffs' belief that Siefert was part of the Perry County Highway Department.  The knowledge that the wrong party defendant had actually been sued came in defendant's motion filed February 1, 1996.  Plaintiffs' remedial actions, filing a motion for leave to file an amended complaint to add the appropri­ate defendant, came on March 4, 1996.  Such actions were reasonably expeditious.  We also note no prejudice to defendant Road District.  The Road District was served with actual notice of the transaction underlying this lawsuit and therefore is not in a position to argue that it was taken totally unaware.  As mandated by 
Campbell
, we consider the ends of justice.  We conclude that justice would be served in the instant case by allowing this action to go forward with the proper party defendant involved, given the expeditious actions of plaintiffs and notice of the underlying transaction on the part of defendant.  

Defendant relies on two other authorities that we find distinguishable.  In 
Webb v. Ambulance Service Corp.
, 262 Ill. App. 3d 1039, 635 N.E.2d 643 (1994), the appellate court noted that the motion to amend to bring in the appropriate party defendant was made approximately 13 months after knowledge was obtained.  In 
Tatara v. Peterson Diving Service
, 283 Ill. App. 3d 1031, 670 N.E.2d 789 (1996), a Structural Work Act action, the plaintiff was informed in August and September of 1987 that the wrong party defendant was sued.  After various other pleadings and amendments, the proper party defendant was named in October of 1989.  

We conclude, for the reasons stated above, that plaintiffs' failure to name the appropriate party defendant in this cause was inadvertent according to the terms and intent of section 2-616 in light of its interpretation by this court in 
Campbell
.

For the foregoing reasons, the judgment of dismissal by the circuit court of Perry County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

MAAG, J., concurs.

JUSTICE CHAPMAN, dissenting:

I dissent.

As the majority points out, plaintiffs' counsel gave actual notice to the proper defendant, Perry County Road District No. 1, before the statute of limitation ran.  There was no question over an assumed name, or of corporate versus individual status, or of answers to interrogatories filed in the name of the wrong defendant.  All of the above were mentioned by the court in 
Campbell v. Feuquay
, 140 Ill. App. 3d 584, 488 N.E.2d 1111 (1986), and any or all of them may have played a part in convincing two members of the 
Campbell
 court that filing that claim against the wrong defendant met the inadvertence requirement of section 2-616(d).

None of the above is present in this case.  Instead, there is absolutely no question that plaintiff knew both the name and the location of the proper defendant before the statute of limitation ran.  Under these circumstances, I cannot agree that plaintiff's failure to join the proper defendant was inadvertent.  See 
Webb v. Ambulance Service Corp.
, 262 Ill. App. 3d 1039, 635 N.E.2d 643 (1994); 
Evans v. Graber
, 115 Ill. App. 3d 532, 450 N.E.2d 482 (1983) (and cases cited therein).

Therefore, I respectfully dissent.