DANIEL R. ZINCORIS, Plaintiff-Appellant, v. HOBART BROTHERS COMPANY *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—92—0482

Opinion filed March 12, 1993.—Rehearing denied April 14, 1993.

Laird M. Ozmon, Ltd., of Joliet (Laird M. Ozmon and James P. Stevenson, of counsel), for appellant.

Heineke, Burke, Healy & Bodach, of Chicago (Steven M. Mahoney, of counsel), for appellee Hobart Brothers Company (of Ohio).

Paulsen & Kane, of Chicago (Michael B. Kane and Harvey A. Paulsen, of counsel), for appellee Hobart North Welding Supply, Inc.

JUSTICE GIANNIS delivered the opinion of the court:

Plaintiff sought recovery from defendants Hobart Brothers Company (hereinafter Hobart Ohio), Hobart Corporation (hereinafter Hobart Illinois), and Hobart North Welding Supply, Inc. (hereinafter Hobart North), for personal injuries sustained while he used a welding device during the course of his employment. The court dismissed with prejudice plaintiff's claims against defendant Hobart North because they were not brought within the applicable limitations period. The court also dismissed with prejudice plaintiff's claims against defendant Hobart Ohio for lack of diligence in effecting service of process. Plaintiff has appealed the dismissal of his claims against both of these defendants.

The record reflects that plaintiff was injured on August 2, 1988, while he used a welding device during the course of his employment with Western Architectural Iron Co. Plaintiff initially brought suit on November 10, 1988, against Hobart Ohio, the manufacturer of the welding device, and against Hobart Illinois, the distributor of the device. The complaint asserted that both of these defendants were strictly liable for plaintiff's injuries based upon defects in the design and the manufacture of the welding device.

When the complaint was filed, plaintiff caused a summons to be issued which reflected names and addresses for both of these defendants. According to this summons, Hobart Illinois was to be served at 5439 W. Diversey in Chicago, Illinois. Hobart Ohio was to be served through its agent, Richard Berry, at 600 W. Main Street in Troy, Ohio. The record includes one return of service which indicates that on November 28, 1988, the deputy sheriff served Hobart Illinois at 5439 W. Diversey in Chicago, Illinois, by leaving a copy of the summons and complaint with an "authorized person." The record contains no evidence that the original summons and complaint were ever served on Hobart Ohio or that plaintiff even attempted service on this defendant.

On November 14, 1988, plaintiff brought a motion to compel discovery which requested that his expert be permitted to inspect the welding device and all relevant records and documents. On December 1, 1988, the trial court granted plaintiff's motion and entered an order requiring plaintiff's employer, Western Architectural Iron Co., and Hobart Illinois to produce the welding device for inspection by plaintiff's expert. The court ordered further that all documentation of rental or sale and all records of use and maintenance be produced.

Thereafter, counsel for Hobart North sent a letter dated December 30, 1988, to plaintiff's attorney which stated in relevant part:

"I have been retained to represent Hobart-North Welding Supply, Inc. My client has been served with summons and complaint in the [instant cause]. However, my client is not a named defendant in the lawsuit nor is it the agent of any of the named defendants for service of summons and complaint.

* * *

I can not at this time enter an appearance in the [instant action] inasmuch as my client is not a named defendant."

On October 24, 1990, plaintiff was granted leave to file an amended complaint which named as an additional defendant Hobart North. Plaintiff's complaint, as finally amended, included allegations of strict liability in tort against Hobart Ohio and Hobart Illinois, the

manufacturer and the distributor of the welding device. The complaint also asserted negligence and strict liability in tort against Hobart North, the entity which rented the welding device to the plaintiff's employer. The amended complaint also alleged a claim against Hobart North for breach of implied warranty under the Uniform Commercial Code.

On November 20, 1990, a summons was issued against Hobart North. The summons indicated that Hobart North was to be served through John A. Mors at 5439 W. Diversey in Chicago, Illinois. The record includes a return of service which indicates that on November 27, 1990, the deputy sheriff served Hobart North at 5439 W. Diversey by leaving a copy of the summons and amended complaint with an "agent."

On December 18, 1990, Hobart North filed a section 2—619 motion to dismiss the amended complaint, contending that plaintiff's claims against it were barred because they were not brought within the applicable limitations period. Plaintiff's response to the motion to dismiss asserted that his claims against Hobart North were not barred. Plaintiff premised his argument on section 2—616 of the Code of Civil Procedure, which provides that a cause of action against a person not originally named is not barred by lapse of time if certain terms and conditions are met. (Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d).) Plaintiff asserted that all of the conditions mandated by the statute had been satisfied, and he should be permitted to proceed with his claims against Hobart North.

Attached to plaintiff's response to the motion to dismiss was a copy of the December 30, 1988, letter from Hobart North's attorney. Hobart North's motion to dismiss was taken under advisement and ultimately granted by the trial court. In granting this motion, the court found that the plaintiff's failure to join Hobart North within the limitations period could not be deemed inadvertent.

On March 22, 1991, plaintiff caused an alias summons to be issued against Hobart Ohio. This alias summons indicated that Hobart Ohio was to be served through its registered agent, Richard Berry, at 600 W. Main Street in Troy, Ohio. Thus, the alias summons was directed to the same registered agent and at the same address as the original summons, which was issued November 11, 1988. The alias summons was served on Hobart Ohio on April 10, 1991.

On June 5, 1991, Hobart Ohio filed a motion to dismiss pursuant to Supreme Court Rule 103(b) (134 Ill. 2d R. 103(b)), contending that plaintiff had failed to exercise reasonable diligence in effecting service of process upon this defendant. The trial court rejected the arguments

raised by plaintiff in opposition to this motion and found that plaintiff had failed to exercise reasonable diligence in serving Hobart Ohio. Accordingly, the court dismissed with prejudice plaintiff's claim against Hobart Ohio.

Plaintiff has appealed the trial court's dismissal with prejudice of his claims against Hobart North and Hobart Ohio.

We initially address plaintiff's contention that the trial court erred in granting the section 2—619(a)(5) motion to dismiss filed by defendant Hobart North.

In its motion to dismiss, Hobart North argued that because plaintiff failed to assert his claims against this defendant until October 24, 1990, well after the two-year limitations period had expired, he was barred from doing so. The trial court agreed and dismissed plaintiff's claims against Hobart North with prejudice.

In support of plaintiff's contention that the trial court erred in dismissing his claims against Hobart North, he asserts that although these claims were not brought until after the limitations period had expired, he should have been permitted to proceed with his amended complaint under section 2—616(d) of the Code of Civil Procedure. Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d).

■ Section 2—616(d) provides that even though the limitations period has expired, an amendment adding a new defendant may relate back to the date of the filing of the original pleading where certain terms and conditions have been satisfied. Those terms and conditions include (1) the statute of limitations had not expired when the original action was commenced; (2) the failure to join the person as a defendant was inadvertent; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another; (4) the person, within the limitations period, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading. Ill. Rev. Stat. 1989, ch. 110, par. 2—616(d).

In the instant case, the first, third, fourth, and fifth requirements have been satisfied. The original complaint was filed on November 10, 1988, just over three months after plaintiff's injury and well within the two-year limitations period. Hobart North was served, albeit incorrectly, as agent of Hobart Illinois and was aware of the original action, as evidenced by the letter of December 30, 1988, from counsel

for Hobart North. Moreover, the plaintiff's claims against all of the defendants were predicated upon the injuries he sustained while using the welding device rented to his employer. Thus, we must determine whether plaintiff has satisfied the second requirement set forth in section 2—616(d).

Under this statutory requirement, the plaintiff must establish that the failure to join Hobart North as a defendant was inadvertent. "Inadvertence" has been defined as excusable ignorance, not excusable failure to act after the facts are discovered, and it does not include the failure to act appropriately where the defendant's true identity is known by the plaintiff. (*Newey v. Newey* (1991), 215 Ill. App. 3d 993, 998, 576 N.E.2d 137; *Yedor v. Centre Properties, Inc.* (1988), 173 Ill. App. 3d 132, 139, 527 N.E.2d 414.) Ignorance, as contemplated by section 2—616(d), encompasses a lack of knowledge of the identity or existence of a defendant. (*Newey*, 215 Ill. App. 3d at 998; *Greig v. Griffel* (1977), 49 Ill. App. 3d 829, 833, 364 N.E.2d 660.) Where a plaintiff has been made aware of the identity of a defendant before the period of limitations has run, but does not amend his complaint to add that defendant until after the statute has run, the failure to join that defendant will not be considered inadvertent. *Newey*, 215 Ill. App. 3d at 998; *Behr v. Club Med, Inc.* (1989), 190 Ill. App. 3d 396, 546 N.E.2d 751; *Morse v. Michaelson, Rabig & Ramp* (1968), 101 Ill. App. 2d 366, 243 N.E.2d 271.

Plaintiff contends that his failure to join Hobart North was inadvertent. This contention is not, however, supported by the record.

In his letter dated December 30, 1988, counsel for Hobart North informed plaintiff's attorney that Hobart North had not been joined as a party. This letter very clearly put plaintiff's counsel on notice that Hobart North would have to be joined as a defendant if plaintiff desired to assert any claims against it. Plaintiff made no effort to join Hobart North after this letter was received.

Sometime thereafter, plaintiff retained new counsel, who filed a motion for leave to substitute attorneys on July 10, 1989. This motion, apparently abandoned by plaintiff's new attorney, was never ruled upon by the court. More than 11 months later, plaintiff's new counsel again filed a motion for leave to substitute attorneys. This motion was granted, and plaintiff's new counsel filed his appearance on August 27, 1990. The record reflects, however, that plaintiff's second attorney filed an amended complaint on August 2, 1990. This amended complaint was filed without leave of court and 25 days before the new counsel had been granted leave to substitute as attorney for plaintiff. On October 24, 1990, plaintiff was granted leave to

amend his complaint, and Hobart North was joined as a defendant on that date. We find that the record indicates that plaintiff was aware of the existence and identity of Hobart North as early as December 1988, but this defendant was not joined until October 1990, more than two months after the statute of limitations had expired. This conduct cannot be characterized as inadvertent.

Moreover, the fact that businesses or individuals choose to set up different entities to conduct their affairs will not necessarily lead to a finding of inadvertence. (*Newey*, 215 Ill. App. 3d at 999; *Behr*, 190 Ill. App. 3d at 406.) Accordingly, contrary to plaintiff's argument, the failure to join Hobart North will not be deemed inadvertent merely because the other two defendants had similar names. The letter of December 30, 1988, very clearly informed plaintiff's counsel that Hobart North was a separate and distinct entity which had not been made a party to the litigation. Thus, any possible confusion as to the corporate entities involved was eliminated as of December 30, 1988, and plaintiff had at least 18 months in which to name and serve Hobart North.

Based upon this record, we hold that the trial court correctly concluded that the failure to join Hobart North was not inadvertent and that the court did not abuse its discretion in granting Hobart North's section 2—619(a)(5) motion to dismiss.

We next consider whether the trial court abused its discretion in dismissing plaintiff's claim against Hobart Ohio pursuant to Supreme Court Rule 103(b) for lack of diligence in service of process.

Supreme Court Rule 103(b) provides as follows:

> "If the plaintiff fails to exercise reasonable diligence to obtain service prior to the expiration of the applicable statute of limitations, the action as a whole or as to any unserved defendant may be dismissed without prejudice. If the failure to exercise reasonable diligence to obtain service occurs after the expiration of the applicable statute of limitations, the dismissal shall be with prejudice. In either case the dismissal may be made on the application of any defendant or on the court's own motion." 134 Ill. 2d R. 103(b).

■ The purpose of this rule is to promote the expeditious handling of suits by giving trial courts wide discretion to dismiss when service is not effected with reasonable diligence. (*Segal v. Sacco* (1990), 136 Ill. 2d 282, 285-86, 555 N.E.2d 719.) This rule protects defendants from unnecessary delays in the service of process and prevents the circumvention of statutes of limitation. (*Segal*, 136 Ill. 2d at 286; *Hanna v. Kelly* (1980), 91 Ill. App. 3d 896, 901, 414 N.E.2d

1262.) Yet, this rule is not based upon the subjective test of plaintiff's intent but rather upon the objective test of reasonable diligence in effecting service. (*Jones v. Shallow* (1990), 201 Ill. App. 3d 594, 596, 559 N.E.2d 128; *Paglis v. Black* (1989), 178 Ill. App. 3d 1062, 1064, 534 N.E.2d 206; *Phifer v. Hayes* (1974), 20 Ill. App. 3d 635, 639, 314 N.E.2d 473.) The burden is on the plaintiff to show that he has exercised reasonable diligence to obtain service (*Segal*, 136 Ill. 2d at 286; *Alsobrook v. Cote* (1971), 133 Ill. App. 2d 261, 264, 273 N.E.2d 270), and the defendant need not establish that he has been prejudiced by the delay (*Gatto v. Nelson* (1986), 142 Ill. App. 3d 284, 291, 492 N.E.2d 1; *Greenwood v. Blondell* (1980), 85 Ill. App. 3d 186, 188, 406 N.E.2d 204). The plaintiff's diligence must be established factually, by affidavit in conformity with the rules of evidence. *Mayoral v. Williams* (1991), 219 Ill. App. 3d 365, 370, 579 N.E.2d 1196.

█ Although each case must be decided on its own particular facts and circumstances, the factors a court may consider in entering a dismissal under Rule 103(b) include (1) the amount of time taken to obtain service; (2) the efforts of the plaintiff; (3) plaintiff's knowledge of the defendant's location; (4) the ease with which defendant's location could have been determined; (5) actual knowledge by the defendant of the pendency of the action as a result of ineffective service; (6) special circumstances affecting plaintiff's efforts; and (7) actual service on defendant. (*Segal*, 136 Ill. 2d at 287; *Gatto*, 142 Ill. App. 3d at 288; *Greenwood*, 85 Ill. App. 3d at 188-89.) Dismissal under Rule 103(b) is within the sound discretion of the trial court, and the court's judgment will not be disturbed absent an abuse of discretion. *Segal*, 136 Ill. 2d at 286; *Viking Dodge, Inc. v. Hofmann* (1987), 161 Ill. App. 3d 186, 188, 514 N.E.2d 248; *Gatto*, 142 Ill. App. 3d at 288.

█ Review of the record in the instant case reveals that Hobart Ohio was named as a party to the action on November 10, 1988, but was not served until April 10, 1991. Thus, this defendant was not served until 29 months after the filing of the complaint and over eight months after the expiration of the statute of limitations. Plaintiff could have easily served this defendant through an agent in Ohio or through its registered agent in Illinois, which was published in the listing provided by the Secretary of State of Illinois. Yet, the record indicates that plaintiff took absolutely no action to effect service on Hobart Ohio between November 1988 and March 1991. The fact that Hobart Ohio was available and amenable to service is evidenced by the ease with which plaintiff ultimately served that corporation in April 1991. Contrary to plaintiff's assertion, the record does not indicate that Hobart Ohio had been ineffectively served through an agent

in Illinois. Indeed, the December 30, 1988, letter from counsel for Hobart North clearly stated that his client was not an agent for either of the other two defendants. Moreover, the plaintiff failed to present any evidence to establish that Hobart Ohio had actual knowledge of the pendency of the litigation.

A party to a lawsuit has a nondelegable duty to take all necessary steps to bring his case to a prompt conclusion. (*Schusterman v. Northwestern Medical Faculty Foundation* (1990), 195 Ill. App. 3d 632, 639, 552 N.E.2d 1178.) In the instant case, plaintiff was obligated to have the summons issued against Hobart Ohio and to have it served promptly. Plaintiff's failure to obtain proper service of process upon this defendant until 29 months after the complaint was filed shows a lack of due diligence. (See *Schusterman*, 195 Ill. App. 3d at 639; *Penrod v. Sears, Roebuck & Co.* (1986), 150 Ill. App. 3d 125, 129, 501 N.E.2d 367.) The fact that plaintiff served Hobart Ohio in April 1991 without any difficulty demonstrated that this defendant was available and amenable to service at an earlier date, if plaintiff had been diligent in effecting it. In the absence of a satisfactory explanation, the delay in effecting service on Hobart Ohio was clearly unreasonable. (*Gatto*, 142 Ill. App. 3d at 288.) Hobart Ohio was under no obligation to show that it had been prejudiced by the delay in service. (*Gatto*, 142 Ill. App. 3d at 291; *Greenwood*, 85 Ill. App. 3d at 188.) Although controversies should ordinarily be resolved on their merits after both sides have had their day in court, the plaintiff may not complain where the dismissal resulted from his own lack of diligence in effecting service. *Montero v. University of Illinois Hospital* (1978), 57 Ill. App. 3d 206, 210-11, 372 N.E.2d 1010.

We hold that in light of the passage of time, plaintiff's inactivity, his knowledge of the defendant's location, and the ease with which service could have been accomplished, the trial court's dismissal of plaintiff's claims against Hobart Ohio was not an abuse of discretion.

For the foregoing reasons, the orders of the circuit court of Cook County are affirmed.

Affirmed.

EGAN and RAKOWSKI, JJ., concur.