GLENN TATARA, Plaintiff-Appellant, v. PETERSON DIVING SERVICE *et al.*, Defendants-Appellees.

First District (4th Division)   No. 1—94—1980

Opinion filed September 12, 1996.

1032

Michael W. Rathsack, of Chicago (Louis S. Goldstein, Cindy G. Fluxgold, Harry C. Lee, and Michael W. Rathsack, of counsel), for appellant.

Michael J. Nolan, of Nolan & Nolan, P.C., of Chicago (Robert Emmett Nolan, of counsel), for appellee Peterson Diving Service.

Baker & McKenzie, of Chicago (Michael A. Pollard and Peter D. Mc-Weeny, of counsel), for appellees Central Rent-A-Crane and Central Contractors Service.

JUSTICE THEIS delivered the opinion of the court:

The plaintiff, Glenn Tatara, filed an action for negligence and

violation of the Structural Work Act (740 ILCS 150/1 *et seq.* (West 1992)) for injuries sustained as the result of a crane accident at a construction site on July 25, 1984. He now appeals from three separate trial court orders. The first order granted the motion of defendant Central Contractors Service, Inc., to dismiss on statute of limitations grounds. Two orders dated May 16, 1994, and March 3, 1994, granted summary judgment in favor of defendants Central Rent-A-Crane and Peterson Diving Service, respectively. The plaintiff first contends that the trial court erred in dismissing his action against Central Contractors Service. He maintains that under section 2—616(d) of the Illinois Code of Civil Procedure (735 ILCS 5/2—616(d) (West 1992)) his October 2, 1989, complaint, which formally named Central Contractors Service for the first time during the litigation, related back to the date of his original timely complaint. See 735 ILCS 5/2—616(d) (West 1992). The plaintiff further contends that summary judgment in favor of Central Rent-A-Crane and Peterson Diving Service is premature because a genuine issue of material fact exists with respect to his claims against both. We determine that the trial court properly dismissed the complaint against Central Contractors Service as untimely because the plaintiff is unable to show that his failure to add Central Contractors Service was inadvertent. See 735 ILCS 5/2—616(d)(2) (West 1992). We also uphold the trial court's orders granting summary judgment in favor of the remaining defendants because no triable issue of fact remains.

Many facts in this case are uncontested on appeal. On July 25, 1984, the plaintiff, an employee of the City of Chicago's bureau of electricity, was working on a construction site in Chicago, which was part of the "Deep Tunnel" project. As part of the project, a pump had to be lowered into a drop shaft containing sewage water. Under the direction of Robert Wendler, a City of Chicago project manager, the workers on the site attempted to place the pump into the shaft using a crane.

As crane operator Harold Montgomery lowered the pump, it became lodged in the shaft. Wendler decided that he and the plaintiff should investigate the problem by descending into the shaft in a cage connected to an auxiliary cable on the crane. As the cage was being lowered into the shaft, the cable detached from the crane, and the cage fell into the sewage water. The plaintiff's head struck the interior of the cage when it fell. Both he and Wendler eventually extricated themselves from the cage, swam to a ladder and climbed out of the shaft. An ambulance then took the plaintiff to a hospital where he was treated for his injuries.

In order to facilitate a discussion of the issues before us, we must

conduct a detailed examination of the procedural background of this case, focusing carefully on the dates of the various documents contained in the record as they relate to the plaintiff's actions during the course of this litigation. On June 11, 1985, the plaintiff filed a complaint for negligence, naming Peterson Diving Service, Central Rental Crane and the Metropolitan Sanitary District as defendants. All of the parties agree that Central Rental Crane was not a proper party defendant and that the plaintiff eventually became aware of this error. However, the timing and manner in which the plaintiff responded to his error is the subject of much debate on appeal. On August 20, 1987, defense counsel sent a letter to plaintiff's counsel explaining that he had erroneously understood Central Rental Crane to be a viable corporation. He further stated that the entity's proper name was "Central Rent-A-Crane."

In another letter dated September 2, 1987, counsel for the defendant again informed the plaintiff that "Central Rental Crane" did not exist. The letter stated that Central Contractors Service, not Central Rent-A-Crane, leased the crane involved in the July 1984 accident.

Defense counsel attached a copy of the plaintiff's request to admit to the September 1987 letter. Hand-written responses appear next to each request to admit, but the document is not signed or sworn to by an attorney for the defendant. The hand-written responses indicate that Central Rent-A-Crane and Central Contractors Service are not the same business, but share common owners, directors and officers. The responses also indicate that the defendant did not know whether Central Contractors Service leased the crane to Peterson. The plaintiff originally had sent the request to admit to "Central Rental Crane."

Next, the record contains the following documents related to amending the plaintiff's complaint: (1) a notice of filing dated October 20, 1987, which states that a "First Amended Complaint" will be filed on October 27, 1987; (2) an undated document entitled "First Amened [sic] Complaint at Law" naming Peterson Diving Service, Central Rent-A-Crane and the Metropolitan Sanitary District as defendants; and (3) another version of the first amended complaint, naming Peterson Diving Service, Metropolitan Sanitary District and Central Contractors Service as defendants.

Although the plaintiff did not file either version of the first amended complaint during October of 1987, on October 30, 1987, Central Contractors Service filed a motion to dismiss the so-called "Amended Complaint" joining it as a defendant. In the motion the defendant argued for dismissal on the grounds that the plaintiff failed

to name Central Contractors Service as a defendant prior to the expiration of the two-year statute of limitations period set forth in section 13—202. 735 ILCS 5/13—202 (West 1992).

On December 11, 1987, the parties appeared at a hearing. The plaintiff advised the court that he was seeking leave to file an amended complaint that did not name Central Contractors Service as a defendant. Counsel for the defendant, Central Contractors Service, then withdrew its motion to dismiss. In response to the parties' representations the court stated:

"I will give you leave to file the complaint. Just so the record is clear, in the order giving you leave to file the amended complaint, put a clear statement that these parties [Central Contractors Service and Metropolitan Sanitary District] are no longer parties defendant to this cause so we don't have a problem by the filing of the complaint they cease to be parties defendant to the cause so we don't have something coming back later."

Accordingly, the order provides that the plaintiff's motion for leave to file a first amended complaint is granted, that Central Contractors Service, Inc., withdraws its motion to dismiss and that defendants "Metropolitan Sanitary District and Central Contractors Inc." are not defendants in this case. On December 12, 1987, the plaintiff filed an amended complaint naming Peterson Diving Service and Central Rent-A-Crane as defendants, but not Central Contractors Service, Inc.

Next, on June 21, 1988, the plaintiff filed a notice of a motion, seeking to amend its complaint to correct a so-called "misnomer" by substituting Central Contractors Service, Inc., for Central Rent-A-Crane pursuant to sections 2—401(b) and 2—616 of the Illinois Code of Civil Procedure. The court set a hearing on the motion for September 30, 1988. However, on September 29, 1988, the plaintiff filed a motion for voluntary dismissal pursuant to section 2—1009 of the Illinois Code of Civil Procedure. 735 ILCS 5/2—1009 (West 1992). The court granted the plaintiff's motion over the defendant's objection.

One year later, on October 2, 1989, the plaintiff refiled his case pursuant to section 13—217 (735 ILCS 5/13—217 (West 1992)), naming Peterson Diving Service, Central Rent-A-Crane and Central Contractors Service as defendants. The refiled complaint alleged negligence and willful violations of the Structural Work Act. The plaintiff later filed a first amended complaint.

On August 10, 1990, Central Contractors Service filed a motion to dismiss the plaintiff's first amended complaint under section 2—619(5) of the Illinois Code of Civil Procedure. 735 ILCS 5/2—

619(5) (West 1992). The defendant argued that the two-year statute of limitations under section 13—202 had expired and therefore the complaint should be dismissed as untimely. The plaintiff responded that under section 2—616(d) his refiled complaint related back to his original complaint dated June 11, 1985.

On July 1, 1991, the trial court dismissed the complaint against Central Contractors Service, stating that it was persuaded by the previous judge's December 11, 1987, ruling and order, which indicated that Central Contractors Service was not a party defendant in the plaintiff's lawsuit. A later order clarifying the July 1 order indicates that the court dismissed the complaint solely on statute of limitations grounds.

Next, Peterson Diving Service moved for summary judgment. On March 3, 1994, the trial court granted the motion and entered judgment in favor of Peterson. Central Rent-A-Crane also moved for summary judgment, arguing that it did not supply the crane in question. On May 16, 1994, the trial court granted the motion and entered a judgment in favor of Central Rent-A-Crane, thereby disposing of the plaintiff's case in its entirety. The plaintiff now appeals.

First, we address the plaintiff's contention that the trial court erred when it dismissed his complaint against Central Contractors Service on statute of limitations grounds. See 735 ILCS 5/2—619(5) (West 1992). His contention is twofold. He maintains that the four-year statute of limitations period contained in section 13—214 applies to this case, and not the two-year period contained in section 13—202. He further contends that under section 2—616(d) of the Illinois Code of Civil Procedure his October 2, 1989, complaint adding Central Contractors Service as a defendant relates back to the date of his original timely filed complaint.

We begin, as always, by determining the appropriate standard of review. We evaluate the trial court's decision to grant a section 2—619 motion to dismiss according to a *de novo* standard. *Goran v. Glieberman*, 276 Ill. App. 3d 590, 592, 659 N.E.2d 56, 58 (1995). The term *"de novo"* means that the court reviews the matter anew—the same as if the case had not been heard before and as if no decision had been rendered previously. *City of East Moline v. Illinois Pollution Control Board*, 188 Ill. App. 3d 349, 356-57, 544 N.E.2d 82, 86 (1989).

We note that the purpose of a motion to dismiss under section 2—619 is to dispose of issues of law and easily proved issues of fact. *Goran*, 276 Ill. App. 3d 590, 659 N.E.2d 56. The pleadings are to be construed liberally, and we must accept all well-pleaded facts and reasonable inferences that can be drawn from them. *Thames v. Board of Education*, 269 Ill. App. 3d 210, 645 N.E.2d 445 (1994).

■ As an initial matter, the parties on appeal disagree over the applicable statute of limitations period. We have considered the parties' arguments and we recognize that the court only considered the issues in light of the two-year statute of limitations contained in section 13—202. However, given our *de novo* standard of review, we are not bound by the trial court's determinations. Therefore, we conclude that under the circumstances of this case, the four-year statute of limitations period contained in section 13—214 (735 ILCS 5/13—214 (West 1992)) applies to this case. *Hernon v. E.W. Corrigan Construction Co.*, 149 Ill. 2d 190, 595 N.E.2d 561 (1992) (the four-year limitations period in section 13—214(a) applies to construction-related activities and takes precedence over the more general provision of section 13—202); see also *Oakes v. Miller*, 228 Ill. App. 3d 843, 848, 593 N.E.2d 903, 906-07 (1992). We note that by virtue of its motion to dismiss, the defendant admitted that the plaintiff's injuries arose out of construction-related activities. See *Barry Mogul & Associates, Inc. v. Terrestris Development Co.*, 267 Ill. App. 3d 742, 643 N.E.2d 245 (1994) (a section 2—619 motion to dismiss admits all well-pleaded facts together with all reasonable inferences drawn therefrom).

We also are aware that in September of 1988, two months after the statute of limitations in section 13—214 had run, the plaintiff filed a motion for a voluntary dismissal. The trial court granted the motion over the defendant's objection. On October 2, 1989, the plaintiff filed a new action naming Peterson Diving Service, Central Rent-A-Crane and Central Contractors Service as defendants. 735 ILCS 5/13—217 (West 1992).

Section 13—217 permits plaintiffs to commence a new action within one year after a voluntary dismissal or within the remaining period of limitations, whichever is greater. 735 ILCS 5/13—217 (West 1992). As such, the plaintiff's new action against Peterson Diving Service and Central Rent-A-Crane was timely under section 13—217 because they were named as defendants prior to the voluntary dismissal. However, Central Contractors Service was added as a defendant for the first time in October of 1989. The plaintiff concedes this point, but contends that his adding of Central Contractors Service was timely under a relation-back theory. See 735 ILCS 5/2—616(d) (West 1992). The defendant's only argument in response is that, based on the record, the plaintiff is unable to satisfy the requirements of section 2—616.

■ Section 2—616(d) provides that an amendment adding a new defendant after the limitations period has expired may relate back to the date of the filing of the original pleading if certain conditions are satisfied. The plaintiff must show that: (1) the original complaint was

timely filed; (2) the failure to join the new defendant was inadvertent; (3) service of summons was in fact had upon the person, his agent or partner; (4) the new defendant knew that the action was pending and grew out of a transaction or occurrence involving or concerning it before the limitations period expired; and (5) the cause of action asserted in the amended complaint grew out of the same transaction or occurrence set forth in the original complaint. 735 ILCS 5/2—616(d) (West 1992). All of these conditions must be met before an otherwise time-barred amendment will be allowed by section 2—616(d). *Newey v. Newey*, 215 Ill. App. 3d 993, 576 N.E.2d 137 (1991).

Central Contractors Service does not dispute that the plaintiff is able to satisfy the first, fourth and fifth conditions in section 2—616(d). Rather, the defendant challenges the plaintiff's claims of inadvertence and timely service of a summons. For the reasons which follow, we conclude that the plaintiff is unable to show that his failure to name Central Contractors Service was inadvertent. Therefore, we decline to consider the issue of whether the plaintiff effected timely service.

■ " 'Inadvertence' has been defined as excusable ignorance, not excusable failure to act after the facts are discovered, and it does not include the failure to act appropriately where the defendant's true identity is known by the plaintiff." *Zincoris v. Hobart Brothers Co.*, 243 Ill. App. 3d 609, 614, 611 N.E.2d 1327, 1331 (1993). For purposes of section 2—616, we equate ignorance with a lack of knowledge of the identity or existence of a defendant. *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 657 N.E.2d 12 (1995); *Zincoris*, 243 Ill. App. 3d at 614, 611 N.E.2d at 1331.

Further, if a plaintiff has been made aware of the identity of a defendant before the expiration of the limitations period, but fails to amend the complaint to add that defendant until after the period runs, then the failure to join the defendant is not inadvertent. *Plooy*, 275 Ill. App. 3d at 1084, 657 N.E.2d at 20; *Zincoris*, 243 Ill. App. 3d at 614, 611 N.E.2d at 1331. The plaintiff must act with reasonable diligence once he learns facts sufficient to lead him to the proper defendant. *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 546 N.E.2d 751 (1989).

The plaintiff maintains that due to his confusion regarding the identities of the parties, his failure to add Central Contractors Service amounts to excusable ignorance. He claims that he did not have knowledge of the identity of the company that leased the crane involved in the accident. He further claims that his confusion regarding Central Contractors Service is apparent from the record.

Specifically, the plaintiff maintains that the lease agreement is also a source of confusion because the name of the leasing corporation is unclear from the face of the lease. He also cites so-called dual identities or intermingling corporate structures of Central Contractors Service and Central Rent-A-Crane as reasons for his confusion. See *Bates v. Wagon Wheel Country Club, Inc.*, 132 Ill. App. 2d 161, 266 N.E.2d 343 (1971). Additionally, the plaintiff directs us to review the September 1987 letter from defense counsel along with the attached handwritten answers to his request to admit. Finally, the plaintiff argues that Central Contractors Service had knowledge of the pending litigation because an appearance filed in a third-party action filed by Peterson lists "Central Contractors Service, Inc., a/k/a Central Rent-A-Crane, Inc.," as the third-party defendant.

■ Upon reviewing the record in its entirety, we find the plaintiff's claim of excusable ignorance to be without merit. First, the plaintiff concedes that the record contains a draft of a complaint, which was never filed, listing Central Contractors Service as a defendant. The record also contains the October 1987 motion of Central Contractors Service to dismiss the complaint adding it as a defendant on the grounds that the statute of limitations period had expired. This motion was withdrawn at the December 11, 1987, hearing, after the plaintiff decided to file a complaint naming only Peterson and Central Rent-A-Crane as defendants. Although the draft complaint naming Central Contractors Service was not filed in 1987, when viewed in the context of the motion to dismiss and December 11 proceedings, it supports a conclusion that more than eight months before the expiration of the statute of limitations period, the plaintiff was aware that he should amend his complaint to add Central Contractors Service. This conclusion is buttressed by the evidence contained in the record on appeal.

We have reviewed the lease agreement and have determined that it clearly states that the lessor is Central Contractors Service. The lease also states that payment for renting the crane may be made to Central Contractors Service.

Furthermore, while genuine confusion weighs in favor of permitting the plaintiff's cause of action to continue, the similarity of corporate structure in and of itself is insufficient to excuse the plaintiff's failure to name a defendant before the expiration of the statute of limitations. *Behr v. Club Med, Inc.*, 190 Ill. App. 3d 396, 546 N.E.2d 751 (1989). Although Central Rent-A-Crane and Central Contractors Service shared the same parent corporation, this fact did not excuse the plaintiff from naming Central Contractors Service in a timely fashion.

With respect to the correspondence from defense counsel in August and September of 1987, we do not agree with the plaintiff's assertion that defense counsel confused, rather than clarified, the identity of the proper defendant. First, the correspondence and attached request to admit with handwritten responses clearly state that the original named defendant, "Central Rental Crane," is not a viable entity. It is true that the responses indicate that the defendant is not certain whether Central Contractors Service rented the crane in question. However, the responses also indicate that Central Rent-A-Crane and Central Contractors Service were not the same business.

The reasonable conclusion to be reached from the documents read as a whole is that in 1987 the plaintiff was aware of the identity and existence of Central Contractors Service and its potential role in the plaintiff's accident. There is no evidence in the record the defendant prevented the plaintiff from discovering its identity and possible role in the case. *Behr*, 190 Ill. App. 3d 396, 546 N.E.2d 751. Therefore, the plaintiff should have named Central Contractors Service prior to the expiration of the statute of limitations in July of 1988.

■ Finally, the ultimate question that we must answer is whether an amendment adding the defendant, Central Contractors Service, would serve to further the ends of justice. *Behr*, 190 Ill. App. 3d at 406-07, 546 N.E.2d at 759. Because we find that the plaintiff had both the knowledge and the opportunity to name the defendant before the expiration of the statute of limitations, but failed to act, we conclude that justice is best served by the trial court's order dismissing his complaint against Central Contractors Service. Therefore, we affirm the trial court's order dismissing the plaintiff's action against Central Contractors Service as untimely.

The plaintiff next argues that the trial court erred in granting summary judgment in favor of Central Rent-A-Crane because there is a genuine issue of material fact regarding the identity of the crane company that provided the crane used on July 25, 1984. He points to the lease agreement, which contains the words "Rent-A-Crane" in bold print. The plaintiff also maintains that the record shows that Central Rent-A-Crane and Central Contractors Service shared owners, directors and officers and, at times, exchanged employees. He directs us to review the testimony of the crane operator, Harold Montgomery, explaining that he understood Central Rent-A-Crane and Central Contractors Service to be the same company.

■ Summary judgment is appropriate where the pleadings, depositions, and admissions, together with any affidavits, demonstrate that there is no genuine issue of material fact and that the moving

party is entitled to judgment as a matter of law. 735 ILCS 5/2—1005 (West 1992). In reviewing a summary judgment motion, the court must determine whether a factual controversy exits and, if not, whether the movant is entitled to judgment as a matter of law. We conduct a *de novo* review of a trial court's decision to grant summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 607 N.E.2d 1204 (1992).

■ Based on the undisputed facts contained in the record, we determine that summary judgment in favor of Central Rent-A-Crane was proper. First, the lease contained in the record is unambiguous. It clearly states that Central Contractors Service is the lessor and recipient of the rental fee. Furthermore, under a fair reading of the deposition testimony, the only conclusion to be drawn is that Central Rent-A-Crane did not lease the crane involved in the July 25, 1984, accident.

Harold Montgomery testified that he was employed by Central Contractors Service on July 25, 1984. Although there is some evidence that Montgomery may have worked for Central Rent-A-Crane from time to time, nothing in the record shows that he was working for Central Rent-A-Crane on the day of the accident. Also, while a portion of the deposition testimony indicates that some of the witnesses were confused over the identity of the crane company, the overwhelming evidence in the record indicates that Central Rent-A-Crane did not play a role in the plaintiff's accident. Therefore, summary judgment in favor of Central Rent-A-Crane was proper because no triable issue of fact remains regarding Central Rent-A-Crane.

■ The plaintiff's final contention on appeal is that the trial court erred in granting summary judgment in favor of Peterson Diving Service because a genuine issue of material fact exists with respect to his claims for negligence and violation of the Structural Work Act. Specifically, the plaintiff maintains that there is a genuine issue of material fact as to whether Peterson breached a voluntarily assumed duty arising out of the lease agreement contained in the record. The plaintiff did not raise this issue in the trial court. At oral argument before this court, the plaintiff conceded this point. It is well established that contentions not presented to the trial court are waived on appeal. See *Wilson v. Gorski's Food Fair*, 196 Ill. App. 3d 612, 554 N.E.2d 412 (1990); *Witek v. Leisure Technology Midwest, Inc.*, 39 Ill. App. 3d 637, 350 N.E.2d 242 (1976). As such, we do not reach the merits of the plaintiff's contention.

Further, we conclude that the plaintiff has failed to present any evidence that Peterson was a proximate cause of the accident in which an auxiliary cable attached to the crane suddenly snapped.

Finally, summary judgment was proper as to the Structural Work Act claim because the plaintiff failed to present any evidence that Peterson committed a willful violation of the Act. Therefore, we affirm all three orders on appeal from the trial court.

Affirmed.

CAHILL and O'BRIEN, JJ., concur.