FOURTH DIVISION
 September 12, 1996











No. 1-94-1980


GLENN TATARA, ) Appeal from 
 ) the Circuit Court
 Plaintiff-Appellant, ) of Cook County.
 ) 
 v. )
 ) No. 89-L-14104
PETERSON DIVING SERVICE, a Division of )
PETERSON HYDRO ENGINEERING, INC., a )
Corporation, CENTRAL RENT-A-CRANE, a ) Honorable
Corporation, and CENTRAL CONTRACTORS ) Patrick E. McGann,
SERVICE, INC., a Corporation, ) Odas Nicholson,
 ) Arthur A. Sullivan, Jr.,
 Defendants-Appellees. ) Judges Presiding.



 JUSTICE THEIS delivered the opinion of the court:

 The plaintiff, Glenn Tatara, filed an action for negligence and
violation of the Structural Work Act for injuries sustained as the
result of a crane accident at a construction site on July 25, 1984. 
He now appeals from three separate trial court orders. The first
order granted the motion of defendant Central Contractors Service,
Inc., to dismiss on statute of limitations grounds. Two orders dated
May 16, 1994, and March 3, 1994, granted summary judgment in favor of
defendants Central Rent-A-Crane and Peterson Diving Service,
respectively. The plaintiff first contends that the trial court erred
in dismissing his action against Central Contractors Service. He
maintains that under section 2-616(d) of the Illinois Code of Civil
Procedure his October 2, 1989, complaint, which formally named Central
Contractors Service for the first time during the litigation, related
back to the date of his original timely complaint. See 735 ILCS 5/2-
616(d) (West 1992). The plaintiff further contends that summary
judgment in favor of Central Rent-A-Crane and Peterson Diving Service
is premature because a genuine issue of material fact exists with
respect to his claims against both. We determine that the trial court
properly dismissed the complaint against Central Contractors Service
as untimely because the plaintiff is unable to show that his failure
to add Central Contractors Service was inadvertent. See 735 ILCS 5/2-
616(d)(2) (West 1992). We also uphold the trial court's orders
granting summary judgment in favor of the remaining defendants because
no triable issue of fact remains. 
 Many facts in this case are uncontested on appeal. On July 25,
1984, the plaintiff, an employee of the City of Chicago's Bureau of
Electricity, was working on a construction site in Chicago, which was
part of the "Deep Tunnel" project. As part of the project, a pump had
to be lowered into a drop shaft containing sewage water. Under the
direction of Robert Wendler, a City of Chicago project manager, the
workers on the site attempted to place the pump into the shaft using a
crane.
 As crane operator Harold Montgomery lowered the pump, it became
lodged in the shaft. Wendler decided that he and the plaintiff should
investigate the problem by descending into the shaft in a cage
connected to an auxiliary cable on the crane. As the cage was being
lowered into the shaft, the cable detached from the crane, and the
cage fell into the sewage water. The plaintiff's head struck the
interior of the cage when it fell. Both he and Wendler eventually
extricated themselves from the cage, swam to a ladder and climbed out
of the shaft. An ambulance then took the plaintiff to a hospital
where he was treated for his injuries.
 In order to facilitate a discussion of the issues before us, we
must conduct a detailed examination of the procedural background of
this case, focusing carefully on the dates of the various documents
contained in the record as they relate to the plaintiff's actions
during the course of this litigation. On June 11, 1985, the plaintiff
filed a complaint for negligence, naming Peterson Diving Service,
Central Rental Crane and the Metropolitan Sanitary District as
defendants. All of the parties agree that Central Rental Crane was
not a proper party defendant, and that the plaintiff eventually became
aware of this error. However, the timing and manner in which the
plaintiff responded to his error is the subject of much debate on
appeal. On August 20, 1987, defense counsel sent a letter to
plaintiff's counsel explaining that he had erroneously understood
Central Rental Crane to be a viable corporation. He further stated
that the entity's proper name was "Central Rent-A-Crane." 
 In another letter dated September 2, 1987, counsel for the
defendant again informed the plaintiff that "Central Rental Crane" did
not exist. The letter stated that Central Contractors Service, not
Central Rent-A-Crane, leased the crane involved in the July 1984
accident. 
 Defense counsel attached a copy of the plaintiff's request to
admit to the September 1987 letter. Handwritten responses appear next
to each request to admit, but the document is not signed or sworn to
by an attorney for the defendant. The hand-written responses indicate
that Central Rent-A-Crane and Central Contractors Service are not the
same business, but share common owners, directors and officers. The
responses also indicate that the defendant did not know whether
Central Contractors Service leased the crane to Peterson. The
plaintiff originally had sent the request to admit to "Central Rental
Crane."
 Next, the record contains the following documents related to
amending the plaintiff's complaint: (1) a notice of filing dated
October 20, 1987, which states that a "First Amended Complaint" will
be filed on October 27, 1987; (2) an undated document entitled "First
Amened [sic] Complaint at Law" naming Peterson Diving Service, Central
Rent-A-Crane and the Metropolitan Sanitary District as defendants; and
(3) another version of the first amended complaint, naming Peterson
Diving Service, Metropolitan Sanitary District and Central Contractors
Service as defendants.
 Although the plaintiff did not file either version of the first
amended complaint during October of 1987, on October 30, 1987, Central
Contractors Service filed a motion to dismiss the so-called "Amended
Complaint" joining it as a defendant. In the motion the defendant
argued for dismissal on the grounds that the plaintiff failed to name
Central Contractors Service as a defendant prior to the expiration of
the two-year statute of limitations period set forth in section 13-
202. 735 ILCS 5/13-202 (West 1992).
 On December 11, 1987, the parties appeared at a hearing. The
plaintiff advised the court that he was seeking leave to file an
amended complaint that did not name Central Contractors Service as a
defendant. Counsel for the defendant, Central Contractors Service,
then withdrew its motion to dismiss. In response to the parties'
representations the court stated:
 "I will give you leave to file the complaint. 
 Just so the record is clear, in the order giving
 you leave to file the amended complaint, put a
 clear statement that these parties [Central
 Contractors Service and Metropolitan Sanitary
 District] are no longer parties defendant to this
 cause so we don't have a problem by the filing of
 the complaint they cease to be parties defendant to
 the cause so we don't have something coming back
 later."
 Accordingly, the order provides that the plaintiff's motion for
leave to file a first amended complaint is granted, that Central
Contractors Service, Inc., withdraws its motion to dismiss and that
defendants "Metropolitan Sanitary District and Central Contractors
Inc." are not defendants in this case. On December 12, 1987, the
plaintiff filed an amended complaint naming Peterson Diving Service
and Central Rent-A-Crane as defendants, but not Central Contractors
Service, Inc.
 Next, on June 21, 1988, the plaintiff filed a notice of a motion,
seeking to amend its complaint to correct a so-called "misnomer" by
substituting Central Contractors Service, Inc., for Central Rent-A-
Crane pursuant to sections 2-401(b) and 2-616 of the Illinois Code of
Civil Procedure. The court set a hearing on the motion for September
30, 1988. However, on September 29, 1988, the plaintiff filed a
motion for voluntary dismissal pursuant to section 2-1009 of the
Illinois Code of Civil Procedure. 735 ILCS 5/2-1009 (West 1992). The
court granted the plaintiff's motion over the defendant's objection. 
 One year later, on October 2, 1989, the plaintiff refiled his
case pursuant to section 13-217 (735 ILCS 5/13-217 (West 1992)),
naming Peterson Diving Service, Central Rent-A-Crane and Central
Contractors Service as defendants. The refiled complaint alleged
negligence and willful violations of the Structural Work Act. The
plaintiff later filed a first amended complaint.
 On August 10, 1990, Central Contractors Service filed a motion to
dismiss the plaintiff's first amended complaint under section 2-619(5)
the Illinois Code of Civil Procedure. 735 ILCS 5/2-619(5) (West
1992). The defendant argued that the two-year statute of limitations
under section 13-202 had expired and therefore the complaint should be
dismissed as untimely. The plaintiff responded that under section 2-
616(d) his refiled complaint related back to his original complaint
dated June 11, 1985. 
 On July 1, 1991, the trial court dismissed the complaint against
Central Contractors Service, stating that it was persuaded by the
previous judge's December 11, 1987, ruling and order which indicated
that Central Contractors Service was not a party defendant in the
plaintiff's lawsuit. A later order clarifying the July 1 order
indicates that the court dismissed the complaint solely on statute of
limitations grounds. 
 Next, Peterson Diving Service moved for summary judgment. On
March 3, 1994, the trial court granted the motion and entered judgment
in favor of Peterson. Central Rent-A-Crane also moved for summary
judgment, arguing that it did not supply the crane in question. On
May 16, 1994, the trial court granted the motion and entered a
judgment in favor of Central Rent-A-Crane, thereby disposing of the
plaintiff's case in its entirety. The plaintiff now appeals.
 First, we address the plaintiff's contention that the trial court
erred when it dismissed his complaint against Central Contractors
Service on statute of limitations grounds. See 735 ILCS 5/2-619(5)
(West 1992). His contention is twofold. He maintains that the four-
year statute of limitations period contained in section 13-214 applies
to this case, and not the two-year period contained in section 13-202. 
He further contends that under section 2-616(d) of the Illinois Code
of Civil Procedure his October 2, 1989, complaint adding Central
Contractors Service as a defendant relates back to the date of his
original timely filed complaint. 
 We begin, as always, by determining the appropriate standard of
review. We evaluate the trial court's decision to grant a section 2-
619 motion to dismiss according to a de novo standard. Goran v.
Glieberman, 276 Ill. App. 3d 590, 592, 659 N.E.2d 56, 58 (1995). The
term "de novo" means that the court reviews the matter anew--the same
as if the case had not been heard before and as if no decision had
been rendered previously. City of East Moline v. Illinois Pollution
Control Board, 188 Ill. App. 3d 349, 356-57, 544 N.E.2d 82, 86 (1989).
 We note that the purpose of a motion to dismiss under section 2-
619 is to dispose of issues of law and easily proved issues of fact. 
Goran, 276 Ill. App. 3d 590, 659 N.E.2d 56. The pleadings are to be
construed liberally, and we must accept all well-pleaded facts and
reasonable inferences that can be drawn from them. Thames v. Board of
Education, 269 Ill. App. 3d 210, 645 N.E.2d 445 (1994). 
 As an initial matter, the parties on appeal disagree over the
applicable statute of limitations period. We have considered the
parties' arguments and we recognize that the court only considered the
issues in light of the two-year statute of limitations contained in
section 13-202. However, given our de novo standard of review, we are
not bound by the trial court's determinations. Therefore, we conclude
that under the circumstances of this case, the four-year statute of
limitations period contained in section 13-214 (735 ILCS 5/13-214
(West 1992)) applies to this case. Hernon v. E.W. Corrigan
Construction Co., 149 Ill. 2d 190, 595 N.E.2d 561 (1992) (the four-
year limitations period in section 13-214(a) applies to construction-
related activities and takes precedence over the more general
provision of section 13-202); see also Oakes v. Miller, 228 Ill. App.
3d 843, 848, 593 N.E.2d 903, 906-07 (1992). We note that by virtue of
its motion to dismiss, the defendant admitted that the plaintiff's
injuries arose out of construction-related activities. See Barry
Mogul & Associates, Inc. v. Terrestris Development Co., 267 Ill. App.
3d 742, 643 N.E.2d 245 (1994) (a section 2-619 motion to dismiss
admits all well-pleaded facts together with all reasonable inferences
drawn therefrom).
 We also are aware that in September of 1988, two months after the
statute of limitations in section 13-214 had run, the plaintiff filed
a motion for a voluntary dismissal. The trial court granted the
motion over the defendant's objection. On October 2, 1989, the
plaintiff filed a new action naming Peterson Diving Service, Central
Rent-A-Crane and Central Contractors Service as defendants. 735 ILCS
5/13-217 (West 1992). 
 Section 13-217 permits plaintiffs to commence a new action within
one year after a voluntary dismissal or within the remaining period of
limitations, whichever is greater. 735 ILCS 5/13-217 (West 1992). As
such, the plaintiff's new action against Peterson Diving Service and
Central Rent-A-Crane was timely under section 13-217 because they were
named as defendants prior to the voluntary dismissal. However,
Central Contractors Service was added as a defendant for the first
time in October of 1989. The plaintiff concedes this point, but
contends that his adding of Central Contractors Service was timely
under a relation-back theory. See 735 ILCS 5/2-616(d) (West 1992). 
The defendant's only argument in response is that, based on the
record, the plaintiff is unable to satisfy the requirements of section
2-616. 
 Section 2-616(d) provides that an amendment adding a new
defendant after the limitations period has expired may relate back to
the date of the filing of the original pleading if certain conditions
are satisfied. The plaintiff must show that: (1) the original
complaint was timely filed; (2) the failure to join the new defendant
was inadvertent; (3) service of summons was in fact had upon the
person, his agent or partner; (4) the new defendant knew that the
action was pending and grew out of a transaction or occurrence
involving or concerning it before the limitations period expired; and
(5) the cause of action asserted in the amended complaint grew out of
the same transaction or occurrence set forth in the original
complaint. 735 ILCS 5/2-616(d) (West 1992). All of these conditions
must be met before an otherwise time-barred amendment will be allowed
by section 2-616(d). Newey v. Newey, 215 Ill. App. 3d 993, 576 N.E.2d
137 (1991). 
 Central Contractors Service does not dispute that the plaintiff
is able to satisfy the first, fourth and fifth conditions in section
2-616(d). Rather, the defendant challenges the plaintiff's claims of
inadvertence and timely service of a summons. For the reasons which
follow, we conclude that the plaintiff is unable to show that his
failure to name Central Contractors Service was inadvertent. 
Therefore, we decline to consider the issue of whether the plaintiff
effected timely service.
 "`Inadvertence has been defined as excusable ignorance, not
excusable failure to act after the facts are discovered, and it does
not include the failure to act appropriately when the defendant's true
identity is known by the plaintiff." Zincoris v. Hobart Brothers Co.,
243 Ill. App. 3d 609, 614, 611 N.E.2d 1327, 1331 (1993). For purposes
of section 2-616, we equate ignorance with a lack of knowledge of the
identity or existence of a defendant. Plooy v. Paryani, 275 Ill. App.
3d 1074, 657 N.E.2d 12 (1995); Zincoris, 243 Ill. App. 3d at 614, 611
N.E.2d at 1331.
 Further, if a plaintiff has been made aware of the identity of a
defendant before the expiration of the limitations period, but fails
to amend the complaint to add that defendant until after the period
runs, then the failure to join the defendant is not inadvertent. 
Plooy, 275 Ill. App. 3d at 1084, 657 N.E.2d at 20; Zincoris, 243 Ill.
App. 3d at 614, 611 N.E.2d at 1331. The plaintiff must act with
reasonable diligence once he learns facts sufficient to lead him to
the proper defendant. Behr v. Club Med, Inc., 190 Ill. App. 3d 396,
546 N.E.2d 751 (1989). 
 The plaintiff maintains that due to his confusion regarding the
identities of the parties, his failure to add Central Contractors
Service amounts to excusable ignorance. He claims that he did not
have knowledge of the identity of the company who leased the crane
involved in the accident. He further claims that his confusion
regarding Central Contractors Service is apparent from the record. 
 Specifically, the plaintiff maintains that the lease agreement is
also a source of confusion because the name of the leasing corporation
is unclear from the face of the lease. He also cites so-called dual
identities or intermingling corporate structures of Central
Contractors Service and Central Rent-A-Crane as reasons for his
confusion. See Bates v. Wagon Wheel Country Club, Inc., 132 Ill. App.
2d 161, 266 N.E.2d 343 (1971). Additionally, the plaintiff directs us
to review the September 1987 letter from defense counsel along with
the attached handwritten answers to his request to admit. Finally,
the plaintiff argues that Central Contractors Service had knowledge of
the pending litigation because an appearance filed in a third-party
action filed by Peterson lists "Central Contractors Service, Inc.,
a/k/a Central Rent-A-Crane, Inc.," as the third-party defendant.
 Upon reviewing the record in its entirety, we find the
plaintiff's claim of excusable ignorance to be without merit. First,
the plaintiff concedes that the record contains a draft of a
complaint, which was never filed, listing Central Contractors Service
as a defendant. The record also contains the October 1987 motion of
Central Contractors Service to dismiss the complaint adding it as a
defendant on the grounds that the statute of limitations period had
expired. This motion was withdrawn at the December 11, 1987, hearing,
after the plaintiff decided to file a complaint naming only Peterson
and Central Rent-A-Crane as defendants. Although the draft complaint
naming Central Contractors Service was not filed in 1987, when viewed
in the context of the motion to dismiss and December 11 proceedings,
it supports a conclusion that more than eight months before the
expiration of the statute of limitations period, the plaintiff was
aware that he should amend his complaint to add Central Contractors
Service. This conclusion is buttressed by the evidence contained in
the record on appeal.
 We have reviewed the lease agreement, and have determined that it
clearly states that the lessor is Central Contractors Service. The
lease also states that payment for renting the crane may be made to
Central Contractors Service. 
 Furthermore, while genuine confusion weighs in favor of
permitting the plaintiff's cause of action to continue, the similarity
of corporate structure in and of itself is insufficient to excuse the
plaintiff's failure to name a defendant before the expiration of the
statute of limitations. Behr v. Club Med, Inc., 190 Ill. App. 3d 396,
546 N.E.2d 751 (1989). Although Central Rent-A-Crane and Central
Contractors Service shared the same parent corporation, this fact did
not excuse the plaintiff from naming Central Contractors Service in a
timely fashion. 
 With respect to the correspondence from defense counsel in August
and September of 1987, we do not agree with the plaintiff's assertion
that defense counsel confused, rather than clarified, the identity of
the proper defendant. First, the correspondence and attached request
to admit with handwritten responses clearly state that the original
named defendant, "Central Rental Crane," is not a viable entity. It
is true that the responses indicate that the defendant is not certain
whether Central Contractors Service rented the crane in question. 
However, the responses also indicate that Central Rent-A-Crane and
Central Contractors Service were not the same business. 
 The reasonable conclusion to be reached from the documents read
as a whole is that in 1987 the plaintiff was aware of the identity and
existence of Central Contractors Service and its potential role in the
plaintiff's accident. There is no evidence in the record the
defendant prevented the plaintiff from discovering its identity and
possible role in the case. Behr, 190 Ill. App. 3d 396, 546 N.E.2d
751. Therefore, the plaintiff should have named Central Contractors
Service prior to the expiration of the statute of limitations in July
of 1988.
 Finally, the ultimate question which we must answer is whether an
amendment adding the defendant, Central Contractors Service, would
serve to further the ends of justice. Behr, 190 Ill. App. 3d at 406-
07, 546 N.E.2d at 759. Because we find that the plaintiff had both
the knowledge and the opportunity to name the defendant before the
expiration of the statute of limitations, but failed to act, we
conclude that justice is best served by the trial court's order
dismissing his complaint against Central Contractors Service. 
Therefore, we affirm the trial court's order dismissing the
plaintiff's action against Central Contractors Service as untimely.
 The plaintiff next argues that the trial court erred in granting
summary judgment in favor of Central Rent-A-Crane because there is a
genuine issue of material fact regarding the identity of the crane
company who provided the crane used on July 25, 1984. He points to
the lease agreement which contains the words "Rent-A-Crane" in bold
print. The plaintiff also maintains that the record shows that
Central Rent-A-Crane and Central Contractors Service shared owners,
directors and officers and, at times, exchanged employees. He directs
us to review the testimony of the crane operator, Harold Montgomery,
explaining that he understood Central Rent-A-Crane and Central
Contractors Service to be the same company. 
 Summary judgment is appropriate where the pleadings, depositions,
and admissions, together with any affidavits, demonstrate that there
is no genuine issue of material fact and that the moving party is
entitled to judgment as a matter of law. 735 ILCS 5/2-1005 (West
1992). In reviewing a summary judgment motion, the court must
determine whether a factual controversy exits and, if not, whether the
movant is entitled to judgment as a matter of law. We conduct a de
novo review of a trial court's decision to grant summary judgment. 
Outboard Marine Corp. v. Liberty Mutual Insurance Co., 154 Ill. 2d 90,
607 N.E.2d 1204 (1992). 
 Based on the undisputed facts contained in the record, we
determine that summary judgment in favor of Central Rent-A-Crane was
proper. First, the lease contained in the record is unambiguous. It
clearly states that Central Contractors Service is the lessor and
recipient of the rental fee. Furthermore, under a fair reading of the
deposition testimony, the only conclusion to be drawn is that Central
Rent-A-Crane did not lease the crane involved in the July 25, 1984,
accident. 
 Harold Montgomery testified that he was employed by Central
Contractors Service on July 25, 1984. Although there is some evidence
that Montgomery may have worked for Central Rent-A-Crane from time to
time, nothing in the record shows that he was working for Central
Rent-A-Crane on the day of the accident. Also, while a portion of the
deposition testimony indicates that some the witnesses were confused
over the identity of the crane company, the overwhelming evidence in
the record indicates that Central Rent-A-Crane did not play a role in
the plaintiff's accident. Therefore, summary judgment in favor of
Central Rent-A-Crane was proper because no triable issue of fact
remains regarding Central Rent-A-Crane. 
 The plaintiff's final contention on appeal is that the trial
court erred in granting summary judgment in favor of Peterson Diving
Service because a genuine issue of material fact exists with respect
to his claims for negligence and violation of the Structural Work Act. 
Specifically, the plaintiff maintains that there is a genuine issue of
material fact as to whether Peterson breached a voluntarily assumed
duty arising out of the lease agreement contained in the record. The
plaintiff did not raise this issue in the trial court. At oral
argument before this court, the plaintiff conceded this point. It is
well established that contentions not presented to the trial court are
waived on appeal. See Wilson v. Gorski's Food Fair, 196 Ill. App. 3d
612, 554 N.E.2d 412 (1990); Witek v. Leisure Technology Midwest, Inc.,
39 Ill. App. 3d 637, 350 N.E.2d 242 (1976). As such, we do not reach
the merits of the plaintiff's contention. 
 Further, we conclude that the plaintiff has failed to present any
evidence that Peterson was a proximate cause of the accident in which
an auxiliary cable attached to the crane suddenly snapped. Finally,
summary judgment was proper as to the Structural Work Act claim
because the plaintiff failed to present any evidence that Peterson
committed a willful violation of the Act. Therefore, we affirm all
three orders on appeal from the trial court.
 Affirmed.
 CAHILL and O'BRIEN, JJ., concur.